[No. 6241.]

## FRANK ELDER *v.* A. SPINKS AND J. D. B. COOK.

| 53 | 293 |
| 81 | 132 |
| 53 | 293 |
| 93 | 608 |
| 53 | 293 |
| 119 | 454 |
| 53 | 293 |
| 129 | 238 |

AMENDED COMPLAINT TO BE SERVED.—An amended complaint must be served on all the adverse parties who are to be bound by the judgment, whether it materially affects them or not.

MECHANIC'S LIEN—GENERAL DENIAL.—The general denial puts in issue only issuable facts, and where, in an action to enforce a mechanic's lien, the complaint alleges that the defendant has or claims an interest in the land which is subject to the lien, this allegation is wholly immaterial, and a general denial does not amount to a disclaimer of such interest, but only puts in issue the fact that it was subject to the lien.

APPEAL from the District Court of the Fourteenth Judicial District, Placer County.

The actions, which were consolidated as stated in the opinion, were brought to establish and foreclose mechanics' liens upon the property of the defendants for work done during the years 1877–8. The plaintiff had judgment, and the defendant J. D. B. Cook appealed. The other facts are stated in the opinion.

*W. T. Goodfellow,* for Appellant.

*B. G. Myers* and *James Moore,* for Respondent.

By the Court, CROCKETT, J.:

Four actions were consolidated and tried together, there being only one judgment in the whole. In the case of *Elder* v. *Spinks,* the summons was served on the defendant on the 17th of April, and on the 22d of April the complaint was amended, but no copy was served on the defendants, nor does it appear that they had notice of it. Having filed no answer, their default was entered, and judgment taken against them as on a default.

The amendment, at the most, when read in connection with the original complaint, constituted an *amended complaint,* filed "of course," in accordance with sec. 472 of the Code of Civil Procedure. That section required such amended complaint to be served on the adverse party, with leave to the latter within ten days to demur or to answer.

The question whether the matter contained in the amendment is such as will *materially affect* the defendant on whom it is not served, is immaterial.

The *default* was irregularly entered, and the decree following the default is erroneous.

In the cases of *Heath* v. *Spinks et als.,* and *Daley* v. *Cook et als.,* the complaints were not verified, and the defendant J. D. B. Cook (who is the only appellant) filed answers containing a general denial of the allegations of the complaint. At the trial, no evidence was offered in support of the complaint, in either action, and the Court, without evidence, rendered a decree for enforcing the lien on the land, but without a personal judgment against Cook. The complaints, after averring the performance of the work for which it is sought to enforce a lien on the land, allege that Cook has or claims some interest in the land, but that the same is subject to the plaintiff's lien. The Court below treated the general denial in the answer as equivalent to a disclaimer of Cook that he had or claimed any interest in the land. This was error. The answer was only a denial of the issuable facts stated in the complaint, and the circumstance that Cook had, or claimed, some interest in the land was of itself wholly immaterial, except in so far as it showed that he was a necessary party to the action. But the averment that

his interest was subject to the plaintiff's lien presented a material issue, to which the answer was responsive. The answer, therefore, was not a denial that he had, or claimed, an interest in the land, but only of the fact that it was subject to the plaintiff's lien.

We deem it unnecessary on the present appeal to notice the other points discussed by counsel, as the judgment must be reversed for the errors already adverted to.

Judgment reversed, and cause remanded for a new trial. Remittitur forthwith.

RHODES, J., concurring:

I concur in the foregoing opinion, except that portion relating to the answer of Cook. I regard the allegation of the complaint that J. D. B. Cook had or claimed some interest in the land as material—as the allegation of a material fact. In two of the complaints Cook is not shown to bear any other relation to the cause of action than such as arises from the fact that he has or claims some interest in the land which is sought to be charged with the liens. The general denial filed by Cook put in issue *every material* allegation of the complaint. This is the general rule, and it has no exception, so far as I am aware. It is sometimes said that the general denial puts upon the plaintiff the burden of proof of every material averment of the complaint; but this proposition has some exceptions—for instance, certain negative averments or averments of facts which are proved by presumption—and for that, if for no other reason, the two propositions are not identical in their effect. The question of the burden of proof of an averment does not test the question as to whether the general denial puts the averment in issue. If an averment of a certain character will be regarded as true in the absence of *direct* evidence upon the point, yet the fact that the defendant may adduce evidence to disprove the presumption upon which the plaintiff relies unmistakably shows that the averment is in issue. In this case, even if the plaintiffs could have a recovery which would bind or affect an interest in the land held or claimed by Cook, without direct evidence that Cook had or claimed an interest in the land

—and I am not prepared to say that they could—Cook, it must be admitted, could have shown that he held no interest in the land, and thus have defeated such recovery. The conclusion to which I have come upon this question is, that the averment that Cook held or claimed an interest in the land is material; that the general denial puts it in issue; and that the denial of such averment is not to be regarded as a disclaimer by Cook of any interest in the land.