### DATTELBAUM v. TANNENBAUM.

(Supreme Court, Appellate Division, First Department. May 25, 1900.)

AMENDED COMPLAINT—SERVICE ON DEFENDANT.

 Where an amendment to a complaint making a third person a party defendant was permitted, it was error to refuse to grant an order requiring a copy of such amended complaint to be served on a defendant who had answered, and to refuse to allow him 20 days in which to answer the same.

Appeal from special term, New York county.

Action by William Dattelbaum against Lippman Tannenbaum. From an order refusing to require an amended complaint to be served on defendant, and to allow him 20 days to answer, the defendant appeals. Reversed.

Argued before HATCH, RUMSEY, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Franklin Bien, for appellant.
Daniel P. Hays, for respondent.

INGRAHAM, J. This action coming on for trial at special term, an order was entered, on motion of the plaintiff, directing one Joseph Rundbach to be brought in by supplemental summons as a party defendant; that the summons, complaint, and all papers and proceedings be amended by adding the said Rundbach as a party defendant, and allowing the plaintiff to file and serve an amended complaint so as to include the said Rundbach as a party defendant. The defendant Tannenbaum, who had answered, moved to resettle the order by requiring the said amended complaint to be served upon him, and

that he have 20 days to answer the same, which application was denied. We think this was error. The defendant, having appeared and answered, and not being in default, was entitled to answer the complaint in the action before any judgment could be entered against him. Upon the service of an amended complaint, the original complaint was superseded, and the complaint as amended became the complaint upon which the plaintiff's right to relief depended. No copy of the proposed amended complaint was submitted to the court, and it is impossible to say how the amendment may affect the rights of the original defendant. The addition of this new defendant may seriously affect the rights and interests of the original defendant, and he is entitled to an opportunity to plead to the amended complaint, and demand such relief against either the plaintiff or the added defendant as he may be entitled to. As a general rule, every amended pleading must be served upon all parties in the action who had appeared and who were not in default. The action must be continued upon the pleadings as amended, and it is difficult to see upon what principle a party is to be bound by a judgment entered upon pleadings which have not been served upon him, and which he had no opportunity to answer. The case of Weil v. Martin, 24 Hun, 646, does not apply, as that was an appeal from an order denying a motion to set aside a judgment upon the ground that the amended complaint had not been served upon certain of the defendants who had appeared in the action, but who were in default; but an entirely different question is presented where a defendant has appeared and answered, and where the issues thus raised have not been disposed of.

The order must therefore be reversed, and order entered directing the service of the amended complaint upon this defendant, the defendant to have the usual time to answer or demur thereto, with $10 costs and disbursements of this appeal to the appellant. All concur.