(80 App. Div. 503.)

### MERRILL v. THOMPSON et al.

(Supreme Court, Appellate Division, Second Department. March 26, 1903.)

1. PLEADING—JOINT DEFENSE—AMENDMENT OF COMPLAINT—JUDGMENTS—DEFAULT.

Plaintiff sued T. and six other defendants, charging them as joint tort feasors. T.'s demurrer to the complaint was overruled, with leave to answer on payment of costs. The other defendants, appearing separately, moved to require the complaint to be made more specific, which was granted, whereupon plaintiff served amended complaints on each of the defendants except T., who had not answered the original complaint. *Held*, that plaintiff was not entitled to judgment by default against T., since the amended complaint was substituted for the original pleading, and T. was entitled to a copy thereof before being compelled to answer.

Appeal from Special Term, Kings County.

Action by Damon Merrill against Edward Thompson, impleaded with others. From an order denying plaintiff's motion for judgment against defendant Thompson, he appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Edward P. Lyon, for appellant.

John L. Hill, for respondent.

HOOKER, J. This action was commenced in August, 1901, against Edward Thompson and six other defendants, charging them as joint tort feasors. The defendant Thompson demurred to the complaint, and on January 10, 1902, an interlocutory judgment was entered against him, overruling the demurrer, and allowing him to answer over within 20 days upon payment of costs. The defendants Gerding, Lounsbury, and James appeared separately by different attorneys, and defendants Vermeule, Hard, and Gilbert appeared together by still another firm of attorneys. Late in the summer or early autumn of 1901, the defendant Gerding made a motion to compel the plaintiff to make his complaint more definite and certain. The motion was argued, and late in the year 1901 or early in 1902 an order was entered directing that the complaint be made more definite and certain in particular respects, but no copy of the order has ever been served upon the attorneys for defendant Thompson, and his attorneys did not learn of the terms of the order until July 25, 1902, and never inspected the order until December 13, 1902. On

¶ 1. See Judgments, vol. 30, Cent. Dig. § 172.

the 30th of July, 1902, a motion was made by the plaintiff for an order severing the action, which was denied, and an order of denial entered August 7, 1902. Within a few days thereafter amended complaints were served upon all the defendants save the defendant Thompson. Shortly after such service the attorneys for the defendant Thompson asked plaintiff's attorneys if the omission to serve upon them was intentional, and received the reply that they did not think service was necessary. The plaintiff has not served a copy of his amended complaint upon defendant Thompson, and defendant Thompson has not answered over. There was an arrangement between the attorneys for the plaintiff and attorneys for defendant Thompson, whereby the action should remain in statu quo until the decision of the Court of Appeals upon a demurrer in a similar case. That decision was rendered prior to December 15, 1902, and was adverse to the interests of defendant Thompson. A motion was subsequently made on December 22, 1902, by the plaintiff for an order granting the plaintiff final judgment herein against the defendant Thompson. An order was entered on January 30, 1903, denying that motion, and from this order the plaintiff appeals.

The plaintiff's contention on this appeal is that defendant Thompson is not entitled to service of a copy of the amended complaint until he answers over after complying with the conditions of the interlocutory judgment, while Thompson contends that it is the plaintiff who is in default, and that he is entitled to a copy of the amended complaint, and an opportunity of answering the same, before judgment may be entered against him.

We think that the order denying the motion for judgment against the defendant Thompson is correct. It has been held generally that, "where an amended pleading is served, it takes the place of the original pleading, and the action proceeds as though the original pleading had never been served." New York Wire Co. v. Westinghouse Co., 85 Hun, 269, 32 N. Y. Supp. 1127. That rule has been applied to facts similar to those disclosed by the record here. Palmer v. Salisbury, 38 App. Div. 139, 56 N. Y. Supp. 637. That was an action brought by Palmer, as trustee, against Salisbury, impleaded with several others, and Salisbury defaulted in answering the original complaint. The court there said: "The fact that he has defaulted in answering the original complaint is of no importance. It may well be that he did not choose to answer the original complaint, but that he might desire to put in issue the facts which plaintiff finds it necessary to allege by the amendment." See, also, Dattelbaum v. Tannenbaum, 51 App. Div. 567, 64 N. Y. Supp. 824.

We think the defendant Thompson is entitled to be served with the amended complaint heretofore received by all of his codefendants, and that prior to such service the plaintiff is not entitled to the relief he seeks by this motion. It may be that the plaintiff might have compelled the defendant to answer over before he should be entitled to a copy of the amended complaint if a proper provision to that effect had been inserted in the order compelling the plaintiff to make his complaint more definite and certain; but this he failed

to do, and his practice leaves him without the right to judgment until he has complied with the rule to which reference has been made. The order should be affirmed, with costs and disbursements.

Order affirmed, with $10 costs and disbursements. All concur.