(113 App. Div. 403)

### FULLER BUGGY CO. v. RAMSEY et al.

(Supreme Court, Appellate Division, Third Department. May 18, 1906.)

**1. JUDGMENT—DEFAULT—SETTING ASIDE.**

That an amended complaint was served on one defendant three days prior to the severance of the action, and not on the other defendant, is no ground for setting aside a default judgment against the latter on the original complaint.

**2. SAME—CONDITIONS—PAYMENT OF COSTS.**

Where a default judgment against a defendant was set aside, though he had no legal right to have it set aside, he cannot complain of the condition imposed that he pay the costs entered in the judgment against him and $10 costs of the motion.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, § 328.]

Appeal from Special Term, Warren County.

Action by the Fuller Buggy Company against Joseph Ramsey and others. From an order imposing costs on defendant Joseph Ramsey, as a condition to setting aside a default judgment against him, he appeals. Affirmed.

James H. Bain, for appellant.
N. B. Spalding, for respondent.

SMITH, J. The defendant Ramsey was served with a summons and complaint. He made default in appearing. The action was severed, so that the action against him and the defendant Cudney proceed-

ed separately from the action against defendant Waldron. Judgment was rendered by default against him. This judgment he now seeks to open. The ground of his motion to open the judgment is that three days prior to the severance of the action, and after his default, the plaintiff served upon defendant Waldron an amended complaint. The judgment, however, taken against the defendant Ramsey by default, was upon the original complaint, which stated a good cause of action against him. If the plaintiff had waited three days longer before serving his amended complaint upon the defendant Waldron, the action would have been severed and there could then have been no claim that the judgment was not in all respects regular as against the defendant Ramsey. We cannot see that the rights of the defendant Ramsey have been in any way prejudiced by the service of this amended complaint upon the defendant Waldron three days prior to the severance of the action. If the amendment had been necessary for the statement of a complete cause of action against the defendant Ramsey, it is undoubtedly true that the amended complaint must have been served upon the defendant Ramsey. Inasmuch, however, as a good cause of action was stated against the defendant Ramsey in the original complaint, the allegations of which were admitted by Ramsey's default, we can see no object in serving the amended complaint upon him, or what right he can claim to be served therewith. The defendant Ramsey therefore was not entitled to have this judgment opened, upon the ground that the amended complaint had not been served upon him.

The plaintiff, however, has not appealed from the opening of the judgment upon the payment by the defendant Ramsey of the costs entered in the judgment and of $10 costs of the motion with which he has been charged. Nor does the plaintiff question by appeal the part of the order requiring the service upon the defendant Ramsey of the amended complaint. Without the legal right to have the judgment opened, the order opening the same is simply a favor to which might lawfully be attached such terms as the requirement to pay costs.

The order should therefore be affirmed, with $10 costs and disbursements. All concur.