## BEN KRESS NURSERY CO., Respondent, *v.* OREGON NURSERY CO., Appellant.

(No. 3,141.)

(Submitted May 22, 1912.  Decided May 29, 1912.)

[124 Pac. 475.]

*Pleading and Practice—Amendments—Service—Default Judgments—Improper Rendition.*

Pleadings—Effect of Amendments.
    1.  Upon the filing of an amended complaint the original pleading is superseded and becomes *functus officio.*

Same—Amended Complaint—Service.
    2.  The rule declared by section 6518, Revised Codes, that a copy of the complaint need not be served upon every defendant where there are two or more residing in the same county, has no application in the case of an amended complaint.

Same.

3. The provision of section 7149, Revised Codes, that where a defendant has not appeared, service of notice or papers need not be made upon him, *etc.*, *held* not to apply to a case where an amended complaint was filed before the time for appearance had expired and before any appearance had been made.

Same—Amended Complaint—Service—Default Judgment—When Improper.

4. *Held*, under section 6588, Revised Codes, and the rule that until an amended pleading has been served and the statutory time for appearance thereafter has expired, the adverse party cannot be adjudged in default, that where, after service upon each of two defendants but before the time for appearance had expired and before any appearance by either, an amended complaint was filed and served upon one of them only, a default judgment against the one not served was improperly entered.

*Appeal from District Court, Ravalli County; R. Lee McCulloch, Judge.*

ACTION by the Ben Kress Nursery Company against the Oregon Nursery Company. From a default judgment and an order refusing to vacate it, defendant appeals. Reversed and remanded, with directions to vacate the judgment.

*Messrs. O'Hara, Edwards & Madeen,* and *Mr. R. F. Gaines,* for Appellant, submitted a brief; *Mr. Gaines* argued the cause orally.

*Mr. C. S. Wagner* and *Messrs. Baker & Kurtz* submitted a brief for Respondent; *Mr. Wagner* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Plaintiff commenced this action on October 13, 1910, against the Oregon Nursery Company and the Bitter Root Valley Irrigation Company. Service was made upon each defendant; but on October 25, before the time for appearance had expired and before any appearance had been made by either defendant, the plaintiff filed an amended complaint and served a copy of it upon defendant Bitter Root Valley Irrigation Company, but did not serve the defendant Oregon Nursery Company. The Bitter Root Valley Irrigation Company interposed a demurrer to the amended complaint, which was sustained. The plaintiff was

given time to plead but apparently took no further steps as against that defendant, or at all, until September 12, 1911, when the default of defendant Oregon Nursery Company was entered "for failure to appear or answer"; and, proof having been made, a judgment in favor of plaintiff and against the defendant Oregon Nursery Company was rendered and entered. On October 6, 1911, the Oregon Nursery Company appeared specially and moved the court to set aside the judgment, and in support of the motion tendered affidavits to the effect that the amended complaint was never served upon it. Upon the argument of the motion counsel for plaintiff admitted the truth of this statement. The motion was overruled, and the Oregon Nursery Company has appealed from the judgment and from the order refusing to vacate the judgment.

The amended complaint was filed by the plaintiff as a matter of right, under section 6588, Revised Codes. The time for appearance had not expired and neither defendant had appeared. By filing the amended complaint, the original complaint was [1] superseded and became *functus officio*. (*Gettings* v. *Buchanan*, 17 Mont. 581, 44 Pac. 77; *Raymond* v. *Thexton*, 7 Mont. 299, 17 Mont. 258; *Newell* v. *Meyendorff*, 9 Mont. 254, 18 Am. St. Rep. 738, 8 L. R. A. 440, 23 Pac. 333; *Butte Butchering Co.* v. *Clarke*, 19 Mont. 306, 48 Pac. 303; *Bordeaux* v. *Bordeaux*, 43 Mont. 102, 115 Pac. 25.)

Section 6518, Revised Codes, provides that a copy of the original complaint need not be served upon every defendant where there are two or more residing in the same county, but the same [2] rule does not obtain in the case of an amended complaint, and for the very obvious reason: In commencing an action a copy of the summons must be served upon every defendant, and this constitutes the notice to him; but where an amended complaint is filed, summons is not served, and unless the defendant receives a copy of the amended pleading, he is without notice. The provisions of section 7149, Revised Codes, do not apply to a case of [3] this character, where the amendment is made before the time for appearance expires and before any appearance has been

made.   Section 6588 above, in no uncertain terms requires that a copy of the amended pleading must be served.

The question before us is not a new one.   It has arisen in many instances, and the authorities are practically unanimous in [4]   holding that until the amended pleading is served and the statutory time for appearance thereafter has expired, the adverse party cannot be adjudged in default.   (*Elder* v. *Spinks*, 53 Cal. 293; *Linott* v. *Rowland,* 119 Cal. 452, 51 Pac. 687; *Nodine* v. *Richmond,* 48 Or. 527, 87 Pac. 775; *Watson* v. *Miller Bros.,* 69 Tex. 175, 5 S. W. 680; *Merrill* v. *Thompson,* 80 App. Div. 503, 81 N. Y. Supp. 122.)   The case of *Fuller Buggy Co.* v. *Waldron,* 113 App. Div. 403, 98 N. Y. Supp. 1085, cited by respondent, is not in point.   The amended pleading in that instance was not filed until defendant Ramsey was in default, and he could not complain that the action was thereafter severed and proceeded against his codefendant upon an amended complaint.

If plaintiff is put in a disadvantageous position, it cannot blame anyone but itself.   There is not any reason apparent for filing the amended complaint; but plaintiff exercised a right given by statute and must assume the burdens which accompany it.

This judgment could not be based upon the original complaint, which has ceased to perform the function of a pleading; and it could not be founded upon the amended complaint, of which the Oregon Nursery Company did not have notice.   In *Linott* v. *Rowland* above, the supreme court of California disposed of a like question as follows: "An amended complaint must be served on all the adverse parties who are to be bound by the judgment, whether it materially affects them or not (*Elder* v. *Spinks,* 53 Cal. 293), and, as the amended complaint herein was not served upon the appellant, there was no pleading upon which the judgment against him can be sustained."

In *Merrill* v. *Thompson* above, the New York court said: "It has been held generally that, 'where an amended pleading is served, it takes the place of the original pleading, and the action proceeds as though the original pleading had never been

served.' " And in *Nodine* v. *Richmond*, the Oregon court an-. nounced the same rule as follows: "As heretofore stated, the decree against Starr was entered upon an amended complaint not served upon him, and under section 100, B. & C. Comp., and *Goodale* v. *Coffee*, 24 Or. 346, 33 Pac. 990, this was error." That there must be a sufficient pleading upon which to found a judgment is elementary.

The judgment and order are reversed and the cause is remanded, with directions to vacate the judgment.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.

Rehearing denied June 17, 1912.