ROBERT J. STRNOD, Plaintiff and Respondent, v. ANGELO J. ABADIE and TRAVELERS INSURANCE COMPANY, Defendants and Appellants.

No. 10404

Submitted September 5, 1962.   Decided November 7, 1962.
Rehearing denied December 19, 1962.

376 P.2d 730

Toomey & Hughes, George T. Bennett (argued orally), Helena, for appellants.

Joseph P. Hennessey (argued orally), Billings, Doepker & Hennessey, Mark J. Doepker (argued orally), Butte, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal from an order of the district court for Silver Bow County denying defendant's motion to open and set aside a default judgment.

The cause of action arose from an automobile accident which occurred on October 12, 1955, near Santa Ana, California. Plaintiff Strnod was a passenger in the car driven by defendant Abadie, who is not and never has been a resident of Montana.

The original complaint was filed on October 9, 1956, on behalf of Robert Strnod by his guardian ad litem, Louis F. Strnod, in the district court of Silver Bow County, in which complaint Travelers Insurance Company and Angelo J. Abadie were named as defendants. Through their counsel of record, Toomey & Hughes, defendants interposed separate demurrers to the complaint; the demurrers were overruled and defendants then filed a joint answer to the complaint on August 20, 1957.

On September 30, 1959, plaintiff moved for leave to file an amended complaint. Hearing on this motion was set for October 9, 1959, then continued to October 23, 1959, and then continued again to October 30, 1959, at which time the district

court granted plaintiff's motion. Although they had notice of the motion for leave to file an amended complaint and a copy of the proposed amended complaint was served upon them, defendants neither appeared personally nor through counsel on any of the above dates to resist plaintiff's motion.

Plaintiff's amended complaint naming Angelo J. Abadie as the sole defendant was filed in the district court on November 13, 1959. This amended complaint was identical to the one served on Toomey & Hughes, defendant Abadie's attorneys of record, along with the motion for leave to file it.

On April 28, 1960, default was taken against defendant Abadie for his failure to appear, answer, or otherwise plead, and a judgment for $6,398 entered against him on the same day.

Then, on June 10, 1960, plaintiff Robert J. Strnod, who had gained majority, commenced suit against Travelers Indemnity Company, a Corporation, and Angelo J. Abadie on the default judgment rendered against Abadie on April 28, 1960.

On December 15, 1960, Toomey & Hughes, representing Abadie, moved to open and set aside the default judgment and allow defendant to appear by answer to defend against the amended complaint. The foregoing motion was overruled on October 13, 1961, and this ruling forms the basis for this appeal.

Prior to considering the sole issue of whether or not the district court abused its discretion by refusing to open the default, we would reiterate certain basic principles that have long guided this court when considering default judgments. In Reynolds v. Gladys Belle Oil Co., 75 Mont. 332, 341, 243 P. 576, 579 (1926), this court stated:

"[S]ince 'it is the policy of the law to have every litigated case tried on its merits,' judgments by default are not favored. [Citing cases.] In furtherance of justice, trial courts should, in applying the above statute [R.C.M.1947, § 93-3905] to a given case, maintain and exercise that liberal spirit which

prompted the Legislature to grant them this discretionary power, and, while this court will disturb the action of a trial court in opening default only in exceptional cases, 'no great abuse of discretion by the trial court in refusing to set aside a default need be shown to warrant a reversal.' [Citing cases.] It is therefore apparent that an abuse of discretion may be made 'manifest' in a case where the court has refused to open a default, by a showing which would not be so considered in a case wherein the court has granted such a motion.''

At the outset, it should be noted that many procedural statutes which control this case have either been repealed, superseded, or changed by the new Rules of Civil Procedure, which became effective January 1, 1962. (See R.C.M.1947, § 93-2701-1 to 93-2711-7.)

In this state a statutory method is provided for opening a default judgment. In addition to broadly empowering the district courts to allow amendments to pleadings in the furtherance of justice, R.C.M.1947, § 93-3905, also provides:

''[The district court] may, also, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; provided, that application therefor be made within reasonable time, *but in no case exceeding six months* after such judgment, order, or proceeding was taken." Emphasis supplied.

In the case at bar, defendant Abadie's default was taken and judgment entered on April 28, 1960. Not until December 15, 1960, a date well beyond six months after default was entered, did defendant move to open the default. If defendant did not know that the default was entered on April 28, 1960, he was certainly made aware of that fact by virtue of the complaint filed against Travelers Indemnity Company and Angelo J. Abadie on June 10, 1960, which complaint was based on the default entered against Abadie. Even with this

knowledge, defendant chose not to move to open the default until December 15, 1960.

Liberality has always been the watchword of this court in its consideration of default judgments, however, we cannot ignore clear statutory mandates. We must therefore hold that the order of the district court denying defendant's motion to open and set aside the default judgment against defendant Abadie is correct because defendant's motion was not timely under the provisions of R.C.M.1947, § 93-3905.

But, defendant asserts he is entitled to rely upon the latter portion of R.C.M.1947, § 93-3905, which reads as follows: "When from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representative, at any time within one year after the rendition of the judgment in such action, to answer to the merits of the original action."

Further, defendant cites us to R.C.M.1947, § 93-3304, which states:

"If the complaint is amended, a copy of the amendments must be filed, or the court may, in its discretion, require the complaint as amended to be filed, and a copy of the amendments or amended complaint must be served upon defendants affected thereby. * * * "

Taking the two foregoing sections together, it is defendant's contention that service of the amended complaint is tantamount to the service of process which is required to obtain jurisdiction. In support of this, defendant cites us to the ruling of this court in Ben Kress Nursery Co. v. Oregon Nursery Co., 45 Mont. 494, 496, 124 P. 475, 476 (1912), wherein this court stated: "[W]here an amended complaint is filed, summons is not served, and, unless the defendant receives a copy of the amended pleading, he is without notice." Although correct, the rule of the Ben Kress Nursery case, supra, has no application to the case now under consideration. In the for-

mer case, the complaint was amended as a matter of right before defendant had appeared and before the time for appearance had expired; whereas in the instant case, the complaint was amended after the cause was at issue because the defendant had personally appeared through Toomey & Hughes and had answered the original complaint.

We have had occasion to consider that portion of section 93-3905 relied upon by the defendant in the recent case of Holen v. Phelps, 131 Mont. 146, 147, 308 P.2d 624 (1957), wherein the movents to open a default in a quiet title action were not residents of Montana, never were served with any papers in the action, and never appeared personally, nor through counsel to answer the complaint. Certainly, they were entitled to proceed under that portion of section 93-3905, which allows answer within one year after the rendition of the judgment. That section was meant to cover precisely the type of situation as presented by the Holen case, but it was not meant to cover the situation presented by the case at bar where the district court acquired jurisdiction over defendant Abadie when he voluntarily appeared to answer the original complaint through counsel. Such voluntary appearance is equivalent to personal service of the summons and a copy of the complaint upon him. R.C.M.1947, § 93-3019.

Since defendant did not move to open the default within six months after its rendition, the right to do so is now lost. We therefore affirm the order of the district court.

MR. JUSTICES ADAIR, CASTLES, JOHN C. HARRISON, and the HONORABLE CHARLES B. SANDE, District Judge, sitting in place of MR. JUSTICE DOYLE concur.