L. A. DUDLEY, JR., PLAINTIFF AND RESPONDENT, *v.* L. E.
STILES AND MARY C. STILES, DEFENDANTS AND APPEL-
LANTS.

No. 10543

Submitted September 11, 1963. Decided October 15, 1963.

386 P.2d 342

William Dee Morris, Butte (argued), for appellants.

Chester Lloyd Jones, Virginia City (argued), for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal from an order denying defendants' motion to set aside a default judgment entered in favor of plaintiff in the district court of Madison County, Montana.

Plaintiff commenced an action based on a promissory note executed by defendants, husband and wife. At the hearing to set aside the default judgment it was contended that proper service was not had on the wife. Defendants admit, however, that this question has since become moot for the reason that she was subsequently informed of the summons and complaint against her. According to defendants' brief, the only question facing this court is whether or not forgetfulness due to the press of other personal problems is sufficient under Rule 60(b), M.R.Civ.P., to merit setting aside a default judgment.

Defendant husband alleges in an affidavit supporting the motion that he intended to prove payment of the note in question when and if an execution was attempted. He further alleges that "other troubles" resulted in forgetfulness and neglect of this controversy. This course of conduct he contends was "excusable neglect" because "his personal problems drove all thought of lesser matters from his mind." As hereinafter appears, we are of the opinion that such neglect was not excusable under Rule 60(b).

Subdivision (1) of the above Rule states that a court may relieve a party from a final judgment upon a finding of "mistake, inadvertence, surprise, or excusable neglect." These grounds were also contained in the repealed section, 93-3905. Appellant emphasized when arguing this case that the Rules of Civil Procedure changed the grounds and policy concerning the opening of default judgments. We do not agree. Appellant apparently has overlooked Schalk v. Bresnahan, 138 Mont. 129, 354 P.2d 735, wherein this court noted that it had gone a long way in permitting the opening of defaults, but that an

affidavit revealing a failure to appear due to forgetfulness and the press of other more important business was not sufficient to establish excusable neglect.

■ Defendants have cited a number of cases for the proposition that Rule 60(b) is to be liberally construed. Neither this court nor plaintiff argues therewith. Defendants simply have not shown excusable neglect under the facts of this case, and a liberal approach to this problem cannot save his case. A liberal court cannot find excusable neglect where a defendant has willingly slumbered on his rights and ignored the judicial machinery established by law.

■ Subdivision (3) of Rule 60(b) states that a default judgment may be set aside when "fraud (* * * heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party" is proved. Defendants contend that the note was executed to L. A. Dudley, Sr., and that the plaintiff is L. A. Dudley, Jr. The complaint alleged: "That the plaintiff is the holder and owner of said note and account." From this allegation defendants contend that a fraud has been practised on the court. We are of the opinion that this allegation, alone, does not amount to a fraud on the court. Clearly, this does not amount to "misconduct of an adverse party."

The action of the district court is affirmed.

MR. JUSTICES CASTLES, JOHN C. HARRISON and DOYLE concur.

MR. JUSTICE ADAIR dissenting.

I dissent.

Section 12-202, R.C.M. 1947, provides:

"* * * The codes establish the law of this state respecting the subjects to which they relate and their provisions and all proceedings under them are to be liberally construed with a view *to effect their objects and to promote justice.*" Italics mine. See Greene v. Montana Brewing Co., 32 Mont. 102, 109, 110, 79 P. 693; Brothers v. Brothers, 71 Mont. 378, 383, 230 P.

60; Patterson v. Patterson, 120 Mont. 127, 179 P.2d 536, 537.

In my opinion the default should have been set aside and the cause tried on its merits.