No. 14727

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

CLYDE MORRIS, PHYLLIS MORRIS, and
DALE MORRIS,

        Plaintiffs and Respondents,

  -vs-

FRANK TRANSPORTATION COMPANY, and
WILLIAM FRANK,

        Defendants and Appellants.

Appeal from: District Court of the Thirteenth Judicial District,
        Honorable Robert H. Wilson, Judge presiding.

Counsel of Record:

    For Appellant:

        Anderson, Brown, Gerbase, Cebull and Jones, Billings,
        Montana

    For Respondents:

        Berger, Anderson, Sinclair and Murphy, Billings,
        Montana

                  Submitted on briefs: June 1,1979

                          Decided: OCT 2 5 1979

Filed: OCT 2 5 1979

_Thomas J. Kearney_
                      Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from an order of the District Court of the Thirteenth Judicial District, the Honorable Robert H. Wilson presiding, denying defendants' motion to set aside default and granting plaintiffs' motion for entry of judgment by default.

Plaintiffs-respondents filed their complaint in this matter on January 16, 1979, seeking to recover wages and expenses for driving trips made on behalf of Frank Transportation Company, appellant herein. The complaint was personally served by a Yellowstone County deputy sheriff on appellant William Frank on January 18, 1979. The complaint demanded an amount certain. Appellants failed to answer and default was entered on February 8, 1979. Thereafter, on February 13, 1979, appellants entered an appearance by a motion to dismiss. The next day respondents filed a motion to enter judgment by default. This motion was noticed for hearing on February 23, 1979. A hearing was conducted at that time and appellant William Frank appeared and testified. During this hearing the District Court consolidated appellants' motion to dismiss with appellants' motion to set aside default for excusable neglect. There was no objection to this consolidation.

In an effort to show excusable neglect, William Frank testified that he had been ill and had left it up to other people to run his business and to take care of the lawsuit. He further testified that he was in his office one day, found the complaint, and immediately took it to his attorneys. He also admitted that he was personally served with a copy of the complaint.

At the end of the hearing the court took the matter under advisement and on February 27, 1979, entered an order denying the motion to set aside the default and ordering that the plaintiffs' motion to enter judgment by default be granted. On February 28, 1979, judgment by default was entered by order of the court. Notice of entry of judgment was mailed to the respective parties on February 28, 1979, and Frank Transportation Company and William Frank now appeal.

The issue facing this Court on appeal is whether the District Court abused its discretion in denying the motion to set aside default and in entering judgment by default.

William Frank alleges that because he was ill and under a doctor's care, he left his business in the care of others resulting in his neglect of this lawsuit. This he contends was "excusable neglect."

We do not agree. Rule 60(b), M.R.Civ.P., states that a court may relieve a party from a final judgment upon a finding of "(1) mistake, inadvertence, surprise, or excusable neglect." Appellants cite a number of cases for the proposition that Rule 60(b) is to be liberally construed: Clute v. Concrete (1978), ____ Mont. ____, 587 P.2d 392, 35 St.Rep. 1775; Big Spring v. Blackfeet Tribe of Blackfeet, etc. (1978), ____ Mont. ____, 573 P.2d 655, 35 St.Rep. 34; Davis v. Hubbard (1947), 120 Mont. 45, 179 P.2d 533. While we do not disagree with the rules in these cases, suffice it to say that they are distinguishable from the instant case.

Appellants here have simply not shown excusable neglect under the facts of this case. There is nothing in the record to indicate that William Frank had specifically requested that someone else take the complaint to his attor-

neys, as in Davis v. Hubbard, supra, nor that he was hospitalized or too sick to do it himself. Further, there was nothing to indicate that he was not properly served with the complaint as in Clute v. Concrete, supra, nor that he did not have notice of hearings as in Blackfeet Tribe, supra.

A failure to appear due to forgetfulness and the press of other, more important business is not sufficient to establish excusable neglect. Dudley v. Stiles (1963), 142 Mont. 566, 386 P.2d 342, 343. Even the most liberal approach to this problem cannot save appellants' case. ". . . A liberal court cannot find excusable neglect where a defendant has willingly slumbered on his rights and ignored the judicial machinery established by law." Dudley v. Stiles, supra, 386 P.2d at 343. "A motion to set aside a default judgment is addressed to the sound discretion of the trial court and this Court will not interfere except upon a showing of manifest abuse." Purington v. Sound West (1977), _____ Mont. _____, 566 P.2d 795, 797, 34 St.Rep. 579. We find no such abuse here.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

-4-