No. 80-399

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

FOSTER APIARIES, INC. a Montana Corporation,

Plaintiff and Respondent,

vs.

HUBBARD APIARIES, INC., a Michigan Corporation,

Defendant and Appellant.

---

Appeal from: District Court of the Tenth Judicial District,
In and for the County of Fergus.
Honorable LeRoy McKinnon, Judge presiding.

Counsel of Record:

For Appellant:

Parrish, Knopp & O'Hare, Lewistown, Montana
Robert Knopp argued, Lewistown, Montana

For Respondent:

K. Robert Foster argued, Lewistown, Montana

---

Submitted: June 16, 1981

Decided: JUL 2 1981

Filed: JUL 2 - 1981

*Thomas J. Kearney*
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Defendant Hubbard Apiaries, Inc., appeals from denial of its motions to vacate and dismiss a default judgment of $11,968 entered June 20, 1979, by the Fergus County District Court.

Appellant Hubbard is a Michigan corporation which processes honey products. Respondent Foster Apiaries, Inc., is a Montana corporation which produces honey. In November 1978 Foster shipped beeswax to Hubbard for processing. A dispute over the accounting arose between the parties. Foster filed a complaint in Fergus County District Court on February 19, 1979, which was served March 9, 1979. On March 15 the president of Hubbard Apiaries sent the following letter to Foster's attorney, Robert Foster:

"Dear Mr. Foster:

"Enclosed please find photocopies of invoices for which we sent checks.

"We were not aware there was a problem. Foster sent in cappings-slum. We rendered and reported. What more can we do or say!

"Yours sincerely,
"/s/ R. L. Hubbard"

Hubbard did not retain local counsel or further communicate with Foster's counsel. Default judgment was entered on June 20, 1979. Although notice of default was not sent to Hubbard, the company had actual notice of the default judgment against it on September 20, 1979. Hubbard then contacted counsel in Michigan who secured Montana counsel. On behalf of Hubbard Apiaries, counsel filed a motion to vacate and dismiss on February 13, 1980, claiming lack of jurisdiction. When that motion was denied on June 11, 1980, Hubbard renewed the motion to dismiss and vacate

-2-

on June 17, 1980, on the grounds of mistake, inadvertence, surprise or excusable neglect and offered an answer to the complaint. The motion was deemed denied by failure of the court to rule on the motion. Notice of appeal was filed August 21, 1980.

We find the following issues fundamental to this appeal:

1. Was Hubbard's appeal to this Court timely filed under Rule 5, M.R.App.Civ.P.?

2. Did the District Court err when it denied Hubbard's June 17, 1980, motion to vacate the default judgment on grounds of mistake, inadvertence, surprise or excusable neglect?

3. Did Foster comply with the Rule 55(a), M.R.Civ.P., requirement of showing by "affidavit or otherwise?"

4. Was Hubbard's letter to respondent's counsel an appearance requiring a three-day notice of entry of default?

5. Did the District Court abuse its discretion in not appointing a representative for Hubbard under Rule 55(c), M.R.Civ.P.?

Accompanying a motion to dismiss, respondent Foster argues that this Court has no jurisdiction to hear Hubbard's appeal because it is untimely. As the facts reflect, the court denied Hubbard's first motion to dismiss on June 11. Notice of appeal was not filed until August 21, seventy-one days later. This, Foster argues, is beyond the thirty-day time limit mandated by Rule 5, M.R.App.Civ.P. The time limits for filing an appeal are jurisdictional and exclusive. An appellant has a duty to perfect its appeal in

-3-

the manner and time provided in Rule 5.  Absent this compliance, this Court lacks jurisdiction to hear the appeal.  Price v. Zunchich (1980), ___ Mont. _____, 612 P.2d 1296, 37 St.Rep. 1058.

Hubbard responds that Foster's argument belies the fact that the Michigan corporation was appearing specially, challenging only the court's jurisdiction.  The necessity of presenting jurisdictional questions to the court and obtaining a ruling, separate from other viable issues, results in two motions and two hearings, both of which may provide appealable decisions.  Hubbard concludes that it would be inappropriate to require the defaulted defendant to appeal the jurisdictional decision prior to judgment on other motions.

In our view neither party is completely correct.  The appeal of the denial of Hubbard's first motion to dismiss is untimely.  However, the second denial is timely and properly before this Court for consideration.  This conclusion is based on the premise that we have here two separate final orders, each controlled separately by the procedural rules and each singularly appealable.

As Chief Justice Haswell stated in Shields v. Pirkle Refrigerated Freight Lines (1979), ___ Mont. ____, 591 P.2d 1120, 1125, 36 St.Rep. 472, 478, there is no question that an order refusing to vacate a default judgment is immediately appealable.  This being the case Hubbard should have appealed promptly when the District Court denied its motion to dismiss on jurisdictional grounds.  It should be noted that Hubbard moved to vacate for lack of personal jurisdiction, which can be waived if not appealed properly,

as distinguished from subject matter jurisdiction, which may be raised at any time.

Hubbard's right to appeal the denial of its February 14, 1980, motion was extinguished when it failed to appeal within the time limits of Rule 5, M.R.App.Civ.P. Hubbard is not persuasive regarding its issue of special appearance. The company has not shown that its special appearance somehow engaged a new set of procedural rules.

We also direct Hubbard's attention to the fact that there is no longer any distinction between a general or special appearance in Montana. With the adoption of Rule 12, M.R.Civ.P., we abolished the difference between the traditional classifications of general and special appearances. The jurisdictional challenge is preserved by including it in a defendant's initial response to the plaintiff's claim. Once a party has raised the jurisdictional issue in its pleading, the claim is not lost or waived solely because of the response. Knoepke v. Southwestern Railway Co. (1980), ____ Mont. ____, 620 P.2d 1185, 37 St.Rep. 1910. See also Dragor Shipping Corporation v. Union Tank Car Company (9th Cir. 1967), 378 F.2d 241; Orange Theatre Corp. v. Rayherstz Amusement Corp. (3rd Cir. 1944), 139 F.2d 871; 2A Moore's Federal Practice ¶12.12.

An immediate appeal of the court's denial of the first motion would not have exposed appellant to the jurisdiction of the District Court. By filing a second motion to vacate on other, nonjurisdictional grounds, Hubbard accepted the denial and admitted the authority and jurisdiction of the court over the company and the case.

Regarding the denial of Hubbard's June 17 motion, we

-5-

find that the notice of appeal was timely filed. Disregarding the improper deviations from the procedures outlined in Rules 60(b) and 59(d), M.R.Civ.P., we find that the motion would be deemed denied on August 10, 1980, fifteen days after hearing. Appellant filed its notice of appeal on August 21, 1980, well within the thirty-day time limit. Therefore, this Court has the jurisdiction to review the District Court's action on the second motion.

Although we have the jurisdiction to hear Hubbard's claims of error regarding its second motion to vacate, the District Court's denial was not error because the motion was untimely filed with the District Court.

Rule 60(b), M.R.Civ.P., provides in part:

"The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) when a defendant has been personally served, whether in lieu of publication or not, not more than 60 days after the judgment, order or proceeding was entered or taken, or, in a case where notice of entry of judgment is required by Rule 77(d), not more than 60 days after service of notice of entry of judgment."

The record discloses that Hubbard had actual notice no later than September 20, 1979. One hundred and forty-seven days later Hubbard moved to dismiss under Rule 60. This Court has consistently and strictly enforced the sixty-day limitation. See Strnod v. Abadie (1962), 141 Mont. 224, 376 P.2d 730.

In the case at hand, Hubbard simply stated that it did not know that further action was required of it by way of an appearance. This does not constitute excusable neglect, especially when appellant's representative is the president of a large corporation doing business on a multi-state basis. In Morris v. Frank Transportation Co. (1979),

-6-

\_\_\_ Mont. \_\_\_\_, 601 P.2d 698, 36 St.Rep. 1875, we stated:

> "A failure to appear due to forgetfulness and the press of other, more important business is not sufficient to establish excusable neglect. Dudley v. Stiles (1963), 142 Mont. 566, 386 P.2d 342, 343. Even the most liberal approach to this problem cannot save appellants' case. '. . . A liberal court cannot find excusable neglect where a defendant has willingly slumbered on his rights and ignored the judicial machinery established by law.'" 601 P.2d at 699.

It is our view that here again, as in its tardy appeal to this Court, appellant slept on its rights and thereby extinguished them. Hubbard admitted to having _actual_ notice of the default on September 20, 1979. If we are to strictly apply the language of Rule 60(b), Hubbard had until November 19, 1979, to move the court to vacate the judgment. It is simply not reasonable for a party to wait until February 14 to raise an issue of error in regard to a default judgment. Hubbard's incalcitrance cannot be condoned by allowing it to now complain of impropriety.

Since we have no jurisdiction to hear Hubbard's appeal of the first denial of its motion to vacate, Rule 5, M.R.App.Civ.P., and since the second motion was untimely filed with the District Court, Rule 60(b), M.R.Civ.P., we will not consider Hubbard's other issues. There could be no prejudicial error in the denial of Hubbard's second motion to vacate, since the motion should have been denied as untimely. No cause shall be reversed upon appeal by reason or error committed by the trial court against the appellant where the record shows that the same result would have been attained had the trial court not committed the error or errors. Rule 14, M.R.App.Civ.P. See also Galiger v. Hansen (1957), 133 Mont. 34, 319 P.2d 1051. Only substantial

prejudice to the rights of Hubbard would warrant reversal. No such prejudice occurred because of the alleged errors of the trial court.

Affirmed.

_John Conway Harrison_
Justice

We concur:

_Frank I. Haswell_
Chief Justice

_Wm B Daly_

_Justices_