JUSTICE LEAPHART
delivered the Opinion of the Court.
¶1 Essex Insurance Company (Essex) filed a declaratory action against Jaycie, Inc. (Jaycie). After serving the complaint and summons on Jaycie and not receiving an answer within twenty days, Essex had the clerk enter Jaycie’s default. Shortly thereafter, Essex moved the District Court for a default judgment. Before the District Court ruled on Essex’s request for a default judgment, Jaycie appeared with counsel and moved to have the entry of default set aside. The District Court found Jaycie’s neglect was inexcusable and denied Jaycie’s motion to set aside the entry of default. The District Court then entered default judgment against Jaycie. Jaycie now appeals the District Court’s denial of its request to set aside the entry of default. We affirm.
FACTS[1]
¶2 This suit arises out of activities at the Gold Bar Tavern in Anaconda. One night at the tavern, a former Montana State Prison (MSP) inmate encountered an MSP guard. The former inmate attacked the guard and beat him severely. The staff of the tavern hauled the guard outside and propped him up on a bar stool resting against the wall of the tavern, leaving him to further fend for himself. On his own, unattended, in a less than coherent state, the guard fell off the bar stool and was further injured. The guard filed suit against the Gold Bar Tavern and Jaycie, the tavern’s corporate owner. The suit was founded on a theory of negligence with alleged violations of the Dram Shop Act, § 27-1-710, MCA, for serving alcohol to obviously intoxicated *233 patrons and for failure to care for those intoxicated patrons.
¶3 Jaycie has an insurance policy with Essex. After investigating the guard’s claim against Jaycie, Essex determined that the claim was not covered because its policy excludes coverage for assault and battery as well as for events stemming from “liquor liability” and complaints of failing to assume responsibility for the well being of any person. In a letter sent on June 6, 2003, Essex informed Jaycie of its decision that the guard’s claim was not covered. In that letter, Essex urged Jaycie to obtain its own counsel and to pursue the matter with its other insurance providers. On July 14,2003, Essex filed a declaratory action in which it sought a declaration of rights and duties pursuant to Jaycie’s policy with Essex.
¶4 On August 7, Jaycie’s sole shareholder, Jackie Johnson, was personally served at her residence with the summons and complaint. On the same date, Robert C. Johnson, the manager of the Gold Bar Tavern was also served with a summons and complaint at the bar. Neither Jackie Johnson nor Robert C. Johnson filed an answer within the twenty-day period as required by Rule 12(a), M.R.Civ.P. On September 5, Essex’s counsel sent letters to Jackie Johnson and to Robert C. Johnson, stating that Essex would not file a default if Jaycie planned on appearing in the action. During this time, Essex’s counsel had several conversations with Jackie Johnson’s personal counsel, in which Essex’s counsel explained the situation and asked that a representative of Jaycie please respond to the complaint. On September 17, an anonymous woman called Essex’s counsel and gave him the phone number for a Mr. Goldberg, Jaycie’s insurance agent. Essex’s counsel then called both Mr. Goldberg and Jackie Johnson’s personal counsel, asking each of them to talk with Jackie Johnson and please have her respond. Essex’s counsel then sent Jackie Johnson a letter stating that if she did not inform him of her intention to respond by September 30, he would seek a default. On or about September 25, Jackie Johnson finally contacted Essex’s counsel and stated that she would contact him by the following Monday, September 29, and inform him whether or not she would appear. Essex’s counsel never heard back from Jackie Johnson.
¶5 Essex then applied for an entry of default, which the clerk entered on October 2, 2003. Essex had the clerk provide a copy of the entry of default to Jackie Johnson. On October 14, Essex submitted a motion for default judgment. However, before the District Court ruled on Essex’s motion, Jaycie appeared with counsel, seeking to have the entry of default set aside.
*234 ¶6 Rule 55(c), M.R.Civ.P., allows a district court to set aside an entry of default for good cause shown. Jaycie argued that according to the standard announced in Cribb v. Matlock Communications, Inc. (1989), 236 Mont. 27, 768 P.2d 337, a default should be set aside if the default was notwillful. Jaycie argued that Jackie Johnson was confused about the import of the numerous legal documents she was receiving in the underlying suit and was unaware that her insurance provider, Essex, had filed a second suit against her. She claimed that she was not sure if she ever received Essex’s summons and complaint. She thought the documents she received were merely correspondence from her insurer detailing the progress of the underlying suit. As soon as she realized she was dealing with a second lawsuit, she immediately obtained counsel.
¶7 Essex responded that in order to meet the “good cause shown” standard of Rule 55(c), M.R.Civ.P., a party would have to demonstrate excusable neglect, as set forth in Blume v. Metropolitan Life Ins. Co. (1990), 242 Mont. 465, 791 P.2d 784. The District Court concluded that Jackie Johnson had been provided more than ample opportunity to respond to the complaint, and her failure to make an appearance within fifty days after being served was inexcusable. Jaycie’s request to set aside the entry of default was thus denied, and the default judgment was entered.
¶8 On appeal, Jaycie argues that the correct standard to apply is set forth in Cribb and that the District Court erroneously applied the higher “excusable neglect” standard of Blume, which is only appropriate for setting aside a default judgment. Essex responds that the Cribb standard has not been used in some time, and that the appropriate standard to use is Blume. We take this opportunity to address the confusion as to the appropriate standard.
DISCUSSION
¶9 When a party to a suit fails to respond or to make any appearance, the Rules of Civil Procedure allow the prosecuting party to seek a default. The Rule states:
Rule 55(c). Default-setting aside-extension of time by court or stipulation of parties. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b). No default of any party shall be entered, and no default judgment shall be entered against any party, except upon application of the opposing party. Any stipulation for extension of *235 time between the parties or their counsel, whether in writing or made verbally before the court, shall be effective to extend the time for serving and/or filing any appearance, motion, pleading or proceeding, according to the terms of such stipulation. In any case if a party in default shall serve and file an appearance, motion, pleading or proceeding prior to application to the clerk for default, then such defaulting party shall not thereafter be considered in default as to that particular appearance, motion, pleading, or proceeding.
¶10 In Cribb, 236 Mont. at 30, 768 P.2d at 339, we recognized that an entry of default is merely an interlocutory order that in itself determines no rights or remedies, whereas a default judgment is a final judgment that terminates the litigation and decides the dispute. Thus, in Cribb, we held that to evaluate a showing of good cause, courts should consider:
(1) whether the default was willful, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant has presented a meritorious defense to plaintiffs claim. The court must also balance the interests of the defendant in the adjudication of his defense on the merits, against the interests of the public and the court in the orderly and timely administration of justice.
Cribb, 236 Mont. at 30, 768 P.2d at 339 (citing 6 J. Moore, Moore’s Federal Practice, ¶ 55.10[2], at 55-50 (2d ed. 1988)). Also in Cribb, we recognized that the “good cause” standard for setting aside an entry of default is more flexible and lenient than the Rule 60(b) standard for setting aside a default judgment.
¶11 Although we have continued to cite to Cribb for its three-part good cause shown standard, see, e.g., In re Marriage of Whiting (1993), 259 Mont. 180, 185, 854 P.2d 343, 346; Fronk v. Wilson (1991), 250 Mont. 291, 295, 819 P.2d 1275, 1278; and Hoyt v. Eklund (1991), 249 Mont. 307, 311-12, 815 P.2d 1140, 1142-43, and we cite to Cribb for the proposition that a higher showing is required to set aside a default judgment than is required to set aside an entry of default, see, e.g., Sun Mountain Sports, Inc. v. Gore, 2004 MT 56, ¶ 14, 320 Mont. 196, ¶ 14, 85 P.3d 1286, ¶ 14; In re Marriage of Winckler, 2000 MT 116, ¶ 17, 299 Mont. 428, ¶ 17, 2 P.3d 229, ¶ 17, we have also cited to a four-part Blume test for the good cause shown of Rule 55(c), M.R.Civ.P. See, e.g., Sun Mountain Sports, Inc., ¶¶ 12-14; In re Marriage of Shannon, 2004 MT 25, ¶ 9, 319 Mont. 357, ¶ 9, 84 P.3d 645, ¶ 9; Waldher v. FDIC (1997), 282 Mont. 59, 62, 935 P.2d 1101, 1103; In re Marriage of Martin *236 (1994), 265 Mont. 95, 99, 874 P.2d 1219, 1222. Most recently in Sun Mountain Sports, Inc. we restated the Blume four-part test as follows:
(1) the defaulting party proceeded with diligence; (2) the defaulting party’s neglect was excusable; (3) the defaulting party has a meritorious defense to the claim; and (4) the judgment, if permitted to stand, will affect the defaulting party injuriously.
Sun Mountain Sports, Inc., ¶ 12. Essex claims that while Cribb has never been overruled, the Blume standard is the more recent standard which has been applied most frequently, and thus, Blume is the controlling authority. Jaycie retorts that Blume has only been used when the court is considering setting aside both the entry of default and the default judgment.
¶12 Since our recent cases have cited the Blume standard for measuring the showing of good cause to set aside an entry of default, Sun Mountain Sports, Inc.; Marriage of Shannon; Marriage of Winckler; State ex rel. Dep’t of Envtl. Quality v. Robinson, 1998 MT 185, 290 Mont. 137, 962 P.2d 1212; and Waldher, as well as a showing of excusable neglect needed to set aside a default judgment, we take this opportunity to clarify which standard applies to which situation. When the issue is the setting aside of a default judgment under Rule 60(b)(1), M.R.Civ.P. (either alone or in conjunction with an entry of default), the appropriate standard is that set forth in Blume. When the issue is the setting aside of an entry of default under Rule 55(c), M.R.Civ.P., as opposed to a default judgment, the appropriate standard is Cribb, which we now apply.
¶13 Under the first Cribb factor, Jaycie failed to show that its default was not willful. Here, Essex established that Jaycie was appropriately served with a complaint and summons. Essex refrained from taking the entry of default until after it did everything in its power to determine whether or not Jaycie would respond. Once Essex finally heard from Jaycie, it waited until after the agreed time to respond had expired before it requested the entry of default. In response, Jaycie asserts that Jackie Johnson ignored the summons and complaint and the repeated attempts of Essex to find out whether or not she was going to respond due to her mistaken belief that the communications concerned the underlying court case, which was being “taken care of’ by Jaycie’s insurance providers. However, a party cannot profess ignorance in the face of repeated warnings that the insurer is denying coverage and that, if no answer is filed, a default will be taken. Whether or not Jackie Johnson’s ignorance of the existence of the second suit was genuine or not, it was the product of *237 her own unfounded belief that the underlying suit was covered. Notably, Jackie Johnson ultimately admitted that Jaycie’s other insurance providers also denied the claim. Thus, Jaycie failed to establish its default was not willful.
¶14 The Cribb standard also compels us to consider the prejudice to the plaintiff and whether or not the defendant had a meritorious defense. This standard does not require a defendant to establish an ultimate likelihood of success on the merits. Rather, the party seeking to set aside the default must set forth the prima facie elements, which, if proven, would supply a defense. Here, Jaycie merely asserts that the duty to defend is broader than the duty to indemnify and that policy exclusions are to be narrowly construed against the insurer. Farmers Union Mut. Ins. Co. v. Staples, 2004 MT 108, ¶ 22, 321 Mont. 99, ¶ 22, 90 P.3d 381, ¶ 22.
¶15 Even though Jaycie has finally asserted its defense theory, Essex had a right to be appraised of Jaycie’s defense in a timely manner. By prosecuting a declaratory action, Essex sought to hear any arguments Jaycie had which would require Essex to defend the underlying suit. Essex had an incentive to resolve such questions in a timely fashion. Essex would certainly be prejudiced if the default were set aside and it was held to have had a duty to defend a suit which has now surely progressed beyond the initial stages of litigation. Had Jaycie been earnest in its desire to contest Essex’s duty to defend, then Jaycie should have raised such claims in a timely fashion rather than ignore Essex’s repeated attempts to elicit a responsive pleading.
¶16 J aycie has successfully argued that the correct standard to set aside an entry of default is the Cribb standard. However, Jaycie has failed to show good cause to set aside the entry of default under that standard. While the District Court was not clear which standard it used to evaluate whether or not to set aside Jaycie’s default, we will nonetheless affirm a district court’s order if it reaches the correct result for the wrong reason. Eschenbacher v. Anderson, 2001 MT 206, ¶ 40, 306 Mont. 321, ¶ 40, 34 P.3d 87, ¶ 40. The order of the District Court is affirmed.
CHIEF JUSTICE GRAY, JUSTICES NELSON and COTTER concur.

 For the purposes of this appeal only, we recite the facts as alleged in the briefs and pleadings.