No. 04-088

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 82

PEAK DEVELOPMENT, LLP,

        Plaintiff and Respondent,

   v.

JEREMY JUNTUNEN,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV 03-347(B)
Honorable Katherine R. Curtis, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

        John R. Quatman; Quatman & Quatman, Whitefish, Montana

      For Respondent:

        Paul A. Sandry, Joshua A. Racki; Johnson, Berg, McEvoy &
Bostock, Kalispell, Montana

Submitted on Briefs: April 27, 2004

Decided: March 31, 2005

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      Jeremy Juntunen (Juntunen) appeals from the order entered in the Eleventh Judicial District Court, Flathead County, denying his motion to set aside the entry of a judgment of default against him and ordering him to pay $64,121.85 in damages.  We affirm.

¶2      We restate the issue on appeal as follows:

¶3      Did the denial of Juntunen's motion to set aside the entry of the default judgment constitute an abuse of discretion?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4      On July 2, 2003, Peak Development, LLP (Peak) filed a civil suit in the Eleventh Judicial District Court alleging that Juntunen breached a lease agreement and claiming $64,121.85 in damages for unpaid rent and utility bills associated with the lease.

¶5      On July 22, 2003, Juntunen was personally served with a copy of the summons and complaint.  Juntunen is the owner of the Bear Naked Paving Company in Kalispell, Montana.  The summons advised Juntunen that "in case of your failure to appear or answer, judgment will be taken against you, by default, for the relief demanded in the Complaint" within twenty days after service of the summons.  However, Juntunen did not file an answer as directed by the summons, and Peak's attorney filed a praecipe for default, which the clerk of the court entered on August 14, 2003.

¶6      In September 2003, Juntunen's company began paving a parking lot for the law firm of Quatman & Quatman.  Working at the law office brought to Juntunen's mind that he had been served with the summons and complaint, and he requested attorney John Quatman

2

(Quatman) to inquire into the matter on September 16, 2003. Quatman did so, and discovered the default which had been entered in August. He then apprised Juntunen of the situation, and, on October 3, 2003, filed a motion to set aside the default. However, on September 12, 2003, Peak had already filed a motion for default judgment, and further, on September 24, 2003, the District Court had conducted a hearing on Peak's motion and entered a default judgment against Juntunen. Peak responded to Juntunen's motion to set aside default on October 10, 2003, arguing that the motion was not well taken because the court had already entered a default judgment. Quatman then filed, on October 17, 2003, a motion seeking to set aside the default judgment pursuant to Rule 60(b)(1) and (6), M.R.Civ.P. Quatman argued in his supporting brief that at the time Peak had served the summons and complaint, Juntunen's hectic business schedule contributed to his inadvertence in failing to file an answer. Included in Juntunen's affidavit, though not argued to the District Court in the motion, was this statement:

> During this same period of time my wife and I separated and I was arrested for a fight I had with her father.

¶7     The District Court did not rule on the motion to set aside the judgment within sixty days, and therefore it was denied by operation pursuant to Rule 60(c), M.R.Civ.P. Juntunen appeals therefrom.

*STANDARD OF REVIEW*

3

¶8  In reviewing a default judgment, we are guided by the principle that every litigated case should be decided on its merits; judgments by default are not favored. *In re Marriage of Whiting* (1993), 259 Mont. 180, 186, 854 P.2d 343, 347. When an appeal is from a denial of a motion to set aside a default judgment, our standard of review is that only a slight abuse of discretion need be shown to warrant reversal. *Lords v. Newman* (1984), 212 Mont. 359, 364, 688 P.2d 290, 293. The party seeking to set aside a default judgment has the burden of proof. *In re Marriage of Winckler*, 2000 MT 116, ¶ 10, 299 Mont. 428, ¶ 10, 2 P.3d 299, ¶ 10.

## *DISCUSSION*

**¶9  Did the denial of Juntunen's motion to set aside the entry of the default judgment constitute an abuse of discretion?**

¶10  Juntunen argues that his motion to set aside the default judgment should have been granted because, first, his motion satisfied the good cause criterion under Rule 55(c), M.R.Civ.P., and, secondly, satisfied the more stringent excusable neglect standard under Rule 60(b)(1), M.R.Civ.P. Further, Juntunen contends that the facts establish extraordinary circumstances which justify setting aside the default judgment pursuant to Rule 60(b)(6), M.R.Civ.P.

¶11  Recently, in *Essex Ins. Co. v. Jaycie, Inc.*, 2004 MT 278, 323 Mont. 231, 99 P.3d 651, we clarified the respective standards to be applied in determining whether to set aside the entry of a default or a default judgment. *Essex*, ¶ 12. We held that when the issue is setting aside an entry of a default under Rule 55(c), M.R.Civ.P., we will apply the *Cribb* standard. *Essex*, ¶ 10 (referencing *Cribb v. Matlock Communications, Inc.* (1989), 236

4

Mont. 27, 30, 768 P.2d 337, 339, and noting that "to evaluate a showing of good cause [to set aside a default,] the Court should consider: (1) whether the default was willful, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant has presented a meritorious defense to plaintiff's claim"). However, when the issue is the setting aside of an entry of a default judgment under Rule 60(b)(1), M.R.Civ.P., either alone or in conjunction with an entry of default, we will apply the *Blume* standard. *Essex*, ¶ 12 (referencing *Blume v. Metro. Life Ins. Co.* (1990), 242 Mont. 465, 467, 791 P.2d 784, 786). We clarified that the criteria which must be satisfied by a defaulting party to set aside a default judgment are as follows:

> (1) the defaulting party proceeded with diligence; (2) the defaulting party's neglect was excusable; (3) the defaulting party has a meritorious defense to the claim; and (4) the judgment, if permitted to stand, will affect the defaulting party injuriously.

*Essex*, ¶ 11.

¶12 *Essex* was decided while this case was pending, and the parties did not have the benefit of our holding for their briefing. Nonetheless, both parties have offered arguments in accordance with the *Blume* standard for setting aside a default judgment and, therefore, have provided an appropriate analysis, consistent with *Essex*, for our consideration.

¶13 Juntunen argues that his failure to file an answer to Peak's complaint was not an intentional disregard for the judicial process, but a consequence of his schedule during this time, noting that he had too much on his plate. He explains that the summer months are the make-it or break-it season for his company, requiring him to work in excess of 100 hours per week, because asphalt batch plants only operate when the temperature is warm. He also

offers that, during this period of time, he determined to separate from his wife and was arrested for an altercation with his father-in-law.

¶14  We first note that, in his motion and brief filed in the District Court, Juntunen did not argue that his marital separation and arrest affected his ability to file an answer, although his affidavit filed in support of his motion included a sentence mentioning these matters. Even so, Juntunen's affidavit did not specifically state the dates of his domestic separation and arrest so that those events could be correlated to the 20-day period within which Juntunen was to answer the complaint. As such, we conclude that Juntunen did not carry his burden of demonstrating that these factors interfered with his ability to answer the complaint.

¶15  Turning to Juntunen's business concerns, this Court has consistently held that a defendant's "failure to appear due to forgetfulness and the press of other, more important business is not sufficient to establish excusable neglect." *Foster Apiaries, Inc. v. Hubbard Apiaries, Inc.* (1981), 193 Mont. 156, 161, 630 P.2d 1213, 1216 (no excusable neglect where a corporate president indicated he did not know what further action was required to make an appearance); *see also Morris v. Frank Trans. Co.* (1979), 184 Mont. 74, 75-76, 601 P.2d 698, 698-99 (business owner who "had been ill and had left it up to other people to run his business and to take care of the lawsuit" did not establish excusable neglect); *Dudley v. Stiles* (1963), 142 Mont. 566, 567, 386 P.2d 342, 342-43 (no excusable neglect where a defendant's personal problems "drove all thought of lesser matters from his mind").

¶16  We cannot conclude from our cases that the mere press of a busy schedule or a busy work season constitutes excusable neglect necessary to overturn a default judgment under

Rule 60(b)(1), M.R.Civ.P., and the *Blume* standard. Such a conclusion would fail to recognize the significance of the entry of a judgment and undermine respect for the courts. Thus, having determined that Juntunen failed to meet his burden of establishing excusable neglect, it is unnecessary to determine whether Juntunen satisfied the remaining criteria under the *Blume* standard.

¶17 We now turn to Juntunen's argument under Rule 60(b)(6), M.R.Civ.P., that he has demonstrated that extraordinary circumstances existed to set aside the default judgment. We have clarified when relief is available under Rule 60(b)(6), M.R.Civ.P.:

> [R]elief is available under Rule 60(b)(6), M.R.Civ.P., for situations other than those enumerated in the first five subsections of the rule. Rule 60(b)(6) applies when the movant demonstrates each of the following elements: 1) extraordinary circumstances including gross neglect or actual misconduct by an attorney; 2) the movant acted to set aside the judgment within a reasonable time period; and 3) the movant was blameless. [Referencing *Karlen v. Evans* (1996), 276 Mont. 181, 190, 915 P.2d 232, 238.]

*Bahm v. Southworth*, 2000 MT 244, ¶ 14, 301 Mont. 434, ¶ 14, 10 P.3d 99, ¶ 14. Had Juntunen established that the circumstances surrounding his failure to answer had constituted excusable neglect, he would have been eligible for relief under Rule 60(b)(1), M.R.Civ.P., not Rule 60(b)(6), M.R.Civ.P. Further, gross neglect or actual misconduct by Juntunen's attorney are not issues here, as required under Rule 60(b)(6), M.R.Civ.P. Thus, that provision is inapplicable.

¶18 We affirm the judgment of the District Court.

/S/ JIM RICE

7

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART

Justice Patricia O. Cotter dissents.

¶19    I dissent.

¶20    The Court recognizes that only a slight abuse of discretion is needed to warrant reversal. ¶ 8. It then cites the *Blume* standard for the proposition that a party seeking to set aside a default judgment must demonstrate that his neglect was excusable. ¶ 11. With this, I agree. However, the Court then goes on to conclude that Juntunen failed to meet his burden of establishing excusable neglect. I submit that reasonable minds might differ in this respect, and that we should therefore resolve such doubts by allowing a trial on the merits.

¶21    In *United States Rubber Co. v. Community Gas & Oil Co.* (1961), 139 Mont. 36, 39, 359 P.2d 375, 376, we said that in determining whether to set aside a default, the test to determine whether neglect is excusable is "whether the reasons given for the neglect are such that reasonable minds might differ in their conclusions concerning excusable neglect. If so, the doubt should be resolved in favor of a trial on the merits." Although this case predates Rule 60(b), M.R.Civ.P., it has been cited favorably since the inception of the rules in cases in which the propriety of a default judgment has been under consideration. *See, e.g., Myers v. All West Transport* (1988), 235 Mont. 233, 236, 766 P.2d 864, 866, and *Griffin v. Scott* (1985), 218 Mont. 410, 412, 710 P.2d 1337, 1338. We seem to have abandoned this test in our recent cases. I believe, however, that this test should be applied in close cases, as resolving doubts in favor of a trial on the merits is wholly consistent with our standard of review in such cases--*i.e*., that only a slight abuse of discretion need be shown to warrant reversal.

¶22 Here, I would conclude that the confluence of a hectic seasonal business schedule, a marital separation, and a fight and ensuing arrest are sufficient to raise in reasonable minds a difference of opinion over whether failure to respond to a summons under such circumstances constitutes excusable neglect. I would therefore engage the presumption that such close cases should be resolved with a trial on the merits. I dissent from our refusal to do so.

/S/ PATRICIA O. COTTER