No. DA 06-0071

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 269N

IN RE THE MARRIAGE OF

MARTIN BOTWINICK,

      Petitioner and Respondent,

    v.

JOEY ENGLISH SCHAEFER,

      Respondent and Appellant.

APPEAL FROM:    The District Court of the Eleventh Judicial District,
                  In and For the County of Flathead, Cause No. DR 04-660(B),
                  Honorable Katherine R. Curtis, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Kelton D. Olney, Alterowitz, Strauch & Olney, PC, Missoula, Montana

      For Respondent:

      Katherine P. Maxwell, Law Office of Katherine P. Maxwell, PLLC,
      Kalispell, Montana

Submitted on Briefs: September 27, 2006

Decided: October 24, 2006

Filed:

                                      Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports

¶2     Joey English Schaefer appeals the denial of her motion to set aside the District Court's default judgment on the petition for dissolution filed by her husband, Martin Botwinick.  We affirm.

¶3     The petition for dissolution was personally served upon Schaefer, a resident of Palm Springs, California, on February 11, 2005.  Along with the petition, Schaefer received a letter from Botwinick's attorney containing a proposed property settlement agreement, and advising her to retain counsel.  On February 16, 2005, at Botwinick's request, his attorney sent Schaefer another letter explaining that her default would not be entered, in order to give the parties time to further discuss matters, and informing Schaefer that, should Botwinick later wish to proceed, his attorney would write to Schaefer and give her a further twenty days to file her response.  On July 14, 2005, Botwinick's attorney did, in fact, send notice to Schaefer that she was being given twenty days to respond to the petition as Botwinick was ready to proceed with the divorce.  In addition, a revised property settlement agreement was faxed to Schaefer on July 21, 2005.

Unfortunately, Schaefer threw away the second set of divorce papers sent to her on July 14 and 21.

¶4 Schaefer then visited Botwinick in Montana, for the first time in many months. Apparently they went out to dinner and were intimate at least once during this visit. According to Schaefer, Botwinick acted as though "nothing was wrong." Botwinick, however, claims he told her "we don't have a marriage." In any event, Schaefer failed to respond in any manner to the petition and on August 5, 2005, twenty-two days after being given notice that her default would be entered if she failed to respond and almost six months after being notified that Botwinick was seeking dissolution, Botwinick entered the default. On August 10, 2005, a hearing was held at which Botwinick testified, after which the District Court entered a decree of dissolution. Notice of entry of decree together with a copy of the decree was mailed to Schaefer on that day.

¶5 Respondent contends that she did not actually receive the notice and decree until August 15, 2005 (upon her return from a trip to Cape Cod). At this time, according to Schaefer, she realized that Botwinick had "lied and misled [her] hundreds of times and [she] felt betrayed." Schaefer then contacted her California attorney who referred her to Montana counsel on September 1, 2005. Nonetheless, two days later she again traveled to Montana to meet with Botwinick, but failed to meet with Montana counsel. Schaefer contends she was securing the funds needed to attain counsel during this time. Her motion to set aside the default judgment, consequently, was not filed until October 7, 2005, almost two months after she received notice of the default judgment.

¶6     On appeal, Schaefer argues that the District Court committed an abuse of discretion in refusing to overturn the default judgment. In order to set aside a default judgment, the moving party must show that the "good cause criteria" of M. R. Civ. P. 55(c) has been met: (1) the defaulting party proceeded with diligence; (2) the defaulting party's neglect was excusable; (3) the defaulting party has a meritorious defense to the claim; and (4) the judgment, if permitted to stand, will affect the defaulting party injuriously. *Essex Ins. Co. v. Jaycie, Inc.*, 2004 MT 278, ¶¶ 11-12, 323 Mont. 231, ¶¶ 11-12, 99 P.3d 651, ¶¶ 11-12. The moving party must then satisfy the more stringent criteria of M. R. Civ. P. 60(b). Additionally, to overturn a district court's decision not to set aside a default judgment, the moving party must prove that the district court committed a slight abuse of discretion in assessing these standards. *Peak Dev., LLP v. Juntunen*, 2005 MT 82, ¶ 8, 326 Mont. 409, ¶ 8, 110 P.3d 13, ¶ 8.

¶7     Here, the District Court did not abuse its discretion, even slightly, in finding that Schaefer failed to meet the "good cause criteria" of Rule 55(c). Schaefer neglected to hire an attorney or respond in any meaningful way to Botwinick's petition until well after she was notified of the default judgment, some eight months after receiving Botwinick's petition. While Schaefer argued that Botwinick misled her and she needed to raise funds, the fact, as noted by the District Court, that she is an accomplished business-woman who earns over $200,000 a year discredited these excuses. Schaefer also argued that the property division was inequitable because she was denied an opportunity to contest the division, but failed to present the court with any specific evidence showing how the

4

division was inequitable. Given these facts, the District Court was well within its discretion in finding that Schaefer failed to meet any, much less all four, of the Rule 55(c) "good cause criteria."

¶8     It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶9     We affirm the judgment of the District Court.


                                        /S/ W. WILLIAM LEAPHART


We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS