No. DA 06-0478

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 104

ORVILLE E. SKOGEN and ARLENE F. SKOGEN,

   Plaintiffs and Respondents,

  v.

BOB MURRAY, JR., et al.,

   Defendant and Appellant.

APPEAL FROM:  The District Court of the Eighth Judicial District,
       In and For the County of Cascade, Cause No. ADV-00-742,
       Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

     James A. Donahue and Gregory J. Hatley, Davis, Hatley,
     Haffeman & Tighe, P.C., Great Falls, Montana

   For Respondents:

     Gary M. Zadick, Ugrin, Alexander, Zadick & Higgins, P.C.,
     Great Falls, Montana

     Robert B. Pfennigs and Brion C. Lindseth, Jardine, Stephenson,
     Blewett & Weaver, Great Falls, Montana

          Submitted on Briefs: April 4, 2007

             Decided: May 1, 2007

Filed:

          Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1    Bob Murray, Jr., filed a motion for relief from an order and a judgment pursuant to M. R. Civ. P. 60(b) in the Eighth Judicial District Court, Cascade County, which was deemed denied because the District Court did not rule on the motion within sixty days of filing, pursuant to M. R. Civ. P. 60(c). We reverse and remand.

¶2    The issue on appeal is whether the District Court abused its discretion in denying Murray's M. R. Civ. P. 60(b) motion.

## BACKGROUND

¶3    This appeal arises out of three consolidated cases contesting property boundaries: *Harding v. Savoy*, Cause No. CDV-00-804; *Skogen v. Savoy*, Cause No. CDV-99-1152; and *Skogen v. Murray*, Cause No. ADV-00-742. The cases were tried without a jury in January and February of 2002. The District Court ruled in favor of the Hardings and the Skogens (collectively the Plaintiffs) and ordered that surveys be commissioned to determine the exact boundaries between the parties' property. The surveys were conducted in 2005. The Plaintiffs filed a motion on October 6, 2005, to have the surveys approved by the court and recorded with the clerk and recorder. The District Court ordered that any objections to the surveys must be filed by October 26, 2005. Barbara Savoy, the defendant in the other cases, filed a motion for an extension of time to file objections. A thirty-day extension was granted, moving the deadline to November 25, 2005.

¶4    Murray had several objections to the survey relating to *Skogen v. Murray*, Cause No. ADV-00-742, based on the findings of an independent surveyor he hired to review

2

the survey. John Poston, Murray's attorney throughout the proceedings, did not file the objections. On January 5, 2006, the Plaintiffs again requested that the court approve the surveys since no objections had been filed. The court granted that motion on January 9, 2006, then filed a supplemental judgment on February 10, 2006, to include the legal descriptions of the property.

¶5 Murray hired new counsel and filed a motion for relief from the order approving the surveys and the supplemental judgment, pursuant to M. R. Civ. P. 60(b), on March 8, 2006. In support of his motion, Murray filed an affidavit setting forth a record of his conversations with Poston regarding filing objections to the survey. According to his affidavit, Murray discussed the Plaintiffs' October 2005 motion with Poston on October 11, 2005. Poston stated he would send Murray a copy of the motion. Murray did not receive a copy from Poston, although Murray had already obtained a copy of the motion and an unsigned order accompanying the motion directly from the court file. Murray next talked to Poston on October 21, 2005, while Poston was on a hunting trip in South Dakota. They discussed some objections prepared by a surveyor Murray had hired, and Murray told Poston that the court had set a deadline for filing the objections. Poston already knew of the deadline because he had received a letter from one of the Plaintiffs' attorneys notifying him of the deadline and letting Poston know he would agree to an extension if Poston wanted. Poston told Murray not to worry because he and the opposing attorney had a "gentlemen's agreement" to extend the deadline for filing objections.

3

¶6     On October 25 and 27, 2005, Murray received a draft copy and a revised copy of the objections prepared by his surveyor, and forwarded both versions to Poston by email and first class mail.  In the email, Murray told Poston that he would like to know if Poston no longer had time to deal with the matter because Poston had retired.  Poston did not tell Murray he did not have time or that Murray should find another attorney.

¶7     In January 2006 Murray learned that the deadline for filing objections had passed and the Plaintiffs had already filed a motion to have the survey approved and recorded.  Murray asked Poston for advice on how to proceed.  Poston responded that he did not know a deadline had ever been set, and that one of the Plaintiffs' attorneys had agreed to notify Poston of the deadline for objections.  Murray told Poston the order setting the deadline had been sent to Poston's post office box, to which Poston replied that his post office box had been closed for more than a year.

¶8     In his motion for relief, Murray argued that Poston acted with gross neglect when he disregarded the deadline to file objections to the survey and took no action to determine why he did not receive orders from the court or motions from opposing counsel when he knew they had been filed.  In fact, Poston had changed physical addresses three times since the inception of Murray's case, the final address after retirement being his home address.  Poston kept his post office box for some time during the litigation, but he closed it in 2004.  Poston failed to notify the court or other counsel of his changes of address.  Finally, Murray argued that with or without the knowledge of a looming deadline, Poston's failure to file the objections provided by Murray,

4

constituted gross neglect. As a result, Murray was denied the chance to present his objections to the survey, the survey was approved, and a final judgment was entered.

¶9 The Skogens opposed the motion for relief. They filed an affidavit of one of their attorneys which asserted that Poston must have been receiving mail sent to him because he responded to the Skogens' memorandum of costs which was sent to Poston's post office box on February 13, 2006. It was not until March of 2006 that the Skogens' attorney received a returned letter and notice from the post office that mail would no longer be forwarded to Poston's home address. Skogens argued that Poston's or Murray's failure to act was not due to excusable neglect nor abandonment by counsel. They note that Murray knew objections had to be filed, that Murray was in constant touch with Poston, and that Murray knew how to obtain documents from the court file.

¶10 The District Court did not rule on the motion within sixty days, thus it was deemed denied pursuant to M. R. Civ. P. 60(c). Murray appeals.

## STANDARD OF REVIEW

¶11 The standard of review applied by this Court to a district court's ruling under M. R. Civ. P. 60(b) depends on whether or not the district court set aside the judgment. *Karlen v. Evans*, 276 Mont. 181, 185, 915 P.2d 232, 235 (1996). If, as in this case, the district court refused to set aside the judgment, then only a slight abuse of discretion need be shown to warrant reversal. *Karlen*, 276 Mont. at 185, 915 P.2d at 235. A manifest abuse of discretion must be shown in cases where the district court has set aside the judgment and the appealing party requests that the judgment be reinstated. *Karlen*, 276 Mont. at 185, 915 P.2d at 235.

5

## DISCUSSION

¶12     **ISSUE: Did the District Court abuse its discretion in denying Murray's motion for relief?**

¶13     Under ordinary circumstances, judgments forever establishing the respective rights between the parties will not be disturbed. *Karlen*, 276 Mont. at 184, 915 P.2d at 235. However, M. R. Civ. P. 60(b) provides an exception. *Karlen*, 276 Mont. at 184, 915 P.2d at 235. M. R. Civ. P. 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Relief from final judgments or orders is available pursuant to M. R. Civ. P. 60(b)(6) for situations other than those enumerated in the first five subsections of the rule. *Bahm v. Southworth*, 2000 MT 244, ¶ 14, 301 Mont. 434, ¶ 14, 10 P.3d 99, ¶ 14. In analyzing cases under M. R. Civ. P. 60(b)(6), this Court requires that the movant demonstrate (1) that extraordinary circumstances exist, including gross neglect or actual misconduct by an attorney; (2) the movant acted to set aside the judgment within a reasonable time period; and (3) the movant was blameless. *Peak Development, LLP v. Juntunen*, 2005 MT 82, ¶ 17, 326 Mont. 409, ¶ 17, 110 P.3d 13, ¶ 17 (citing *Bahm*, ¶ 14).

6

¶14    In *Karlen*, we upheld a District Court's decision to set aside an order of dismissal of a case because of gross neglect on the attorney's part.  In that case, the attorney intentionally misled the Karlens into believing their case was progressing when in fact it had been dismissed for failure to prosecute.  *Karlen*, 276 Mont. at 184, 915 P.2d at 234-35.  We determined that this gross neglect, discovered thirteen months after the dismissal, justified relief pursuant to M. R. Civ. P. 60(b)(6).  *Karlen*, 276 Mont. at 190, 915 P.2d at 238.  Relief from judgment has been granted in cases where an attorney's emotional problems prevented the attorney from adequately defending his client, *Ring v. Hoselton*, 197 Mont. 414, 643 P.2d 1165 (1982); where an attorney failed to prosecute and ignored his client's numerous inquiries, but assured the client that the case was proceeding, *L. P. Steuart, Inc. v. Matthews*, 329 F.2d 234 (C.A.D.C. 1964); and where an attorney appeared in a case without authorization and then abandoned his clients and disappeared, *Lords v. Newman*, 212 Mont. 359, 688 P.2d 290 (1984).  Conversely, we have upheld a denial of a motion for relief from default judgment where an attorney let his mail accumulate and failed to respond to a complaint.  *Griffin v. Scott*, 218 Mont. 410, 413, 710 P.2d 1337, 1339 (1985).  The client, having failed to check on the progress of the suit or inform the attorney that the matter required prompt attention, was not blameless.  *Griffin*, 218 Mont. at 413, 710 P.2d at 1339.

¶15    In this case, Murray argues that Poston's conduct constitutes gross neglect or actual misconduct.  Poston failed to notify the court and other parties that his address changed three times and that he closed his post office box.  According to Murray, Poston failed to investigate why he was not receiving orders or motions from the court or

opposing counsel. Skogens argue Poston was receiving mail and was just ignoring the deadlines. Under either scenario, Poston demonstrated neglect in preserving Murray's objections to the survey. Poston was aware that deadlines were looming, and when Murray asked Poston about the deadlines, Poston told Murray not to worry and assured him that he had an agreement with opposing counsel that the deadline would be extended. Murray was misled by that assurance. Finally, Poston was in possession of the objections to the survey a full month before the extended deadline and could have filed them at any time. When Murray spoke to Poston after the surveys were approved by the court in January 2006, Poston told Murray he had been relying on Plaintiffs' counsel to inform him of the deadlines, rather than obtaining the information himself. We conclude that Poston's conduct constituted gross neglect which qualifies as an extraordinary circumstance under M. R. Civ. P. 60(b) justifying relief from the order approving the surveys and the supplemental judgment.

¶16 Relying on *Lords*, 212 Mont. 359, 688 P.2d 290, the Skogens argue that because Murray's counsel did not abandon him, Poston's conduct does not rise to the level of neglect. However, total abandonment is not the standard for gross neglect, as evidenced by *L. P. Steuart, Inc.*, 329 F.2d at 235, and *Karlen*, 276 Mont. at 190, 915 P.2d at 238, where there was gross neglect despite continued contact between attorney and client.

¶17 The next question is whether Murray acted to set aside the judgment within a reasonable time period. *Peak Development, LLP*, ¶ 17. M. R. Civ. P. 60(b)(1) through (3) require that the motion for relief be made within sixty days after the judgment or order. M. R. Civ. P. 60(b)(6) requires that the motion be made within a reasonable time.

8

In *Karlen*, we held that thirteen months was a reasonable time based on the time it took for the Karlens to obtain their file from counsel and determine that their case had been dismissed. *Karlen*, 276 Mont. at 192, 915 P.2d at 239. In *Bahm*, we held that a five-month delay in filing a motion for relief was not reasonable where the moving party knew of the default judgment within two weeks of its entry and could have filed a motion for relief pursuant to M. R. Civ. P. 60(b)(1) within the sixty-day time frame. *Bahm*, ¶ 16.

¶18 Here, when Murray found out that the surveys were approved before his objections were filed, he immediately contacted Poston to find out what action he should take. He then obtained new counsel and filed his M. R. Civ. P. 60(b) motion within sixty days of the court's January 9, 2006, order granting the Plaintiffs' motion to approve the surveys, and within thirty days of the supplemental judgment filed on February 10, 2006. We hold that the M. R. Civ. P. 60(b) motion for relief was filed within a reasonable time.

¶19 Finally, Murray must demonstrate he was blameless. *Peak Development, LLP*, ¶ 17. Murray has shown that he was in constant contact with Poston regarding filing the objections. Murray hired the independent surveyor to review the survey and prepare objections, then immediately forwarded the objections to Poston. Murray relied on Poston's assurances that Poston had an agreement in place for an extension of the deadline. The Skogens would place blame on Murray because he knew of the deadlines and had continuous contact with Poston, and could have hired other counsel. However, according to his affidavit, Murray was not aware that there was a new deadline for the filing of objections to the survey. Further, where Murray had been represented by Poston throughout this case, and where Poston assured Murray not to worry about the deadlines,

9

it would be unreasonable to fault Murray for not hiring a new attorney to take over his case.  Unlike the client in *Griffin*, 218 Mont. at 413, 710 P.2d at 1339, Murray checked on the progress of his case and made sure his attorney was aware of the original filing deadline. Thus, we conclude that Murray was not to blame.

¶20     Murray demonstrated that Poston's conduct constituted gross neglect, that he filed his motion for relief within a reasonable time, and that he was blameless.  Thus, we conclude that Murray has met the burden of showing a slight abuse of discretion in the District Court's failure to grant his M. R. Civ. P. 60(b) motion for relief from the order approving the survey and the supplemental judgment.  We reverse and remand for proceedings consistent with this opinion.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ JIM RICE