No. 00-037

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 245N

RANDALL R. RENNICK and BARBARA Z. RENNICK,

Plaintiffs and Appellants,

v.

SECURITY MORTGAGE, INC.,

Defendant and Respondent.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Quentin M. Rhoades; Sullivan & Tabaracci, Missoula, Montana

For Respondent:

Paul J. Petit, Attorney at Law, Missoula, Montana

Submitted on Briefs: May 25, 2000
Decided: September 13, 2000

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c) Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Appellants Randall R. and Barbara J. Rennick (Rennicks) appeal from the order of the District Court for the Fourth Judicial District, Missoula County, setting aside the default and default judgment entered against respondent Security Mortgage, Inc. (SMI). We reverse that part of the District Court's order setting aside the default, affirm that part of the District Court's order vacating the judgment on default and remand for a hearing on damages.

## Factual and Procedural Background

¶3 In 1998, the Rennicks engaged the services of SMI to help them apply for a $180,000, 30-year real estate loan. They eventually received the loan but took exception to various fees and interest rates that they believed exceeded amounts promised and/or allowed by law. The Rennicks then brought suit against SMI for fraud, deceit, breach of contract and numerous other causes of action including violation of the Montana Consumer Protection Act (MCPA) and the Federal Real Estate Settlement Procedures Act (RESPA).

¶4 In their complaint the Rennicks asked for actual damages and treble damages based on the MCPA and RESPA violations. Actual damages consisted of two loan fees and the discounted present value of alleged interest overpayments that would have accrued over the life of the loan. The Rennicks claimed that the two loan fees of $1,800, characterized by the defendants as an "origination fee" and "1% pre-paid interest" were, instead, an illegal referral fee and a "bounty" from the loan originator to SMI for inducing Rennicks to pay a .375% "interest premium."

¶5 The Rennicks calculated their damages from this interest premium as the present value of the sum of the resulting annual excess interest payments over the 30-year life of the loan. Using a 4% discount rate they calculated the present value of future interest overpayments to be $10,079.27. The Rennicks then added this amount to the two $1,800

fees to arrive at total actual damages of "not less than $13,679.27." They asked for treble damages of "not less than $41,037.81." Later, the Rennicks would add costs and attorney fees.

¶6 The Rennicks filed their complaint on September 23, 1999. The summons and complaint were personally served on the registered agent of defendant SMI on November 3, 1999. SMI failed to respond and, on November 24, 1999, Rennicks filed an application for entry of default with the Clerk of Court pursuant to Rule 55(a), M.R.Civ.P. The Clerk of Court entered the default against SMI on the same day.

¶7 On November 30, 1999, the Rennicks filed an application for judgment after default to the Clerk of Court pursuant to Rule 55(b)(1), M.R.Civ.P. The application asked for judgment in the amount of the Rennicks' "ascertainable damages." These included the actual damages of $13,679.27, treble damages of $41,037.81, costs of $131.55 and attorney fees in the amount of $4,623.01.

¶8 For some reason not revealed in the record, judgment was not entered by the Clerk under Rule 55(b)(1), M.R.Civ.P. Instead, on December 2, 1999, the District Court entered judgment for the full amount requested. The court did not hold a hearing to determine damages prior to ordering entry of judgment.

¶9 On December 3, 1999, SMI moved to vacate the default judgment and requested leave to file an answer. In its motion to vacate, counsel for SMI stated that the company failed to appear because "the exchange of information between counsel and client has been hampered due to the extensive travel schedule of the President of Defendant." The court held a hearing on the matter on December 22, 1999 but took no evidence on either the reason for SMI's failure to appear or the issue of damages. On December 27, 1999, the District Court vacated the default and default judgment and granted SMI's motion for leave to file an answer. Rennicks filed their notice of appeal on December 28,1999.

Issues

¶10 We frame the issues in this appeal as follows:

¶11 Did the District Court abuse its discretion when it set aside the default judgment?

¶12 Did the District Court abuse its discretion when it set aside the default and allowed

SMI to file an answer?

## Standard of Review

¶13 The standard of review used by this Court when reviewing a district court's decision to set aside a default or default judgment is whether the court has manifestly abused its discretion. Roberts v. Empire Fire & Marine Ins. Co. (1996), 278 Mont. 135, 138, 923 P.2d 550, 552. While recognizing that no Montana case law clearly establishes the parameters of "manifest abuse of discretion," we have held that a district court manifestly abuses its discretion when it sets aside a default judgment that is clearly supported by the law and the facts. *Roberts*, 278 Mont. at 141, 923 P.2d at 554.

## Discussion

## Setting Aside the Default Judgment

¶14 The Rennicks' argument focuses on the propriety of the original order entering judgement. They assert that, because the original order was properly within the discretion of the court, the subsequent order vacating the judgment must be error.

¶15 However, the correct question is not whether the District Court abused its discretion when it ordered the original entry of judgment, but whether it manifestly abused its discretion when it vacated that order. This question does not necessarily turn on the propriety of the original order. Once entered, the court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect;" because "the judgment is void;" or "for any other reason justifying relief from the operation of the judgment." Rule 60(b), M.R.Civ.P. Clearly, the court's discretion to vacate is not restricted only to those situations in which the original entry of judgment was void or erroneous.

¶16 Judgment by default may be entered in one of two ways. First, when the plaintiff's claim is "for a sum certain or for a sum which can by computation be made certain," the clerk may enter judgment. Rule 55(b)(1), M.R.Civ.P. In all other cases, the party seeking a default judgment must apply to the court. Rule 55(b)(2), M.R.Civ.P. In this case, although the original application for judgment was made to the clerk, judgment was entered by the court.

¶17 Rule 55(b)(2) does not require the court to hold a hearing prior to entering a judgment

by default. However, where the district court has entered a default judgment on an unliquidated claim after application to the clerk under Rule 55(b)(1), this Court has held that a hearing to determine damages is necessary. *See* Paxson v. Rice (1985), 217 Mont. 521, 524, 706 P.2d 123, 125.

¶18 The damages claimed by the Rennicks were not in the nature of a "sum certain or for a sum which can by computation be made certain." The simple fact that a damage claim can be expressed as a dollar amount does not suffice to create a sum certain. Rather, a claim is for a sum certain when, having admitted liability, there can be no dispute about the amount of damages. This is not the case with many of the damages claimed by the Rennicks.

¶19 In particular, the Rennicks' computation of damages resulting from payment of "excess interest" is reasonably open to dispute. This amount is calculated as the present value of future interest "overpayments" over the life of the loan. As such it includes payments which have not yet occurred and may, in fact, never occur. In addition, the choice of discount rate used to calculate the present value of these future payments will affect the dollar value of the damage claim. The Rennicks offer nothing to support their choice of a 4% discount rate as opposed to any other.

¶20 Finally, the treble damages the Rennicks ask for in their complaint are not damages automatically awarded upon a showing of liability. Rather, they may be awarded at the discretion of the court. Because the amount is to be determined by the court, these damages can not be said to constitute a sum certain.

¶21 Because the damages claimed were not for a sum certain, we conclude that the District Court was required to hold a hearing on damages prior to entering judgment. Because it did not do so, the original judgment was void. Therefore, under Rule 60(b)(4), M.R.Civ.P., the court was within its discretion to vacate its prior order entering judgment in favor of the Rennicks.

## Setting Aside the Default

¶22 The Rennicks contend that the court's decision to set aside the default was a clear error of law and, thus, manifest abuse of discretion.

¶23 The court may set aside an entry of default only "for good cause shown." Rule 55(c),

M.R.Civ.P. To establish good cause the defendant must show that (1) he proceeded with diligence to set aside the default, (2) his neglect was excusable, (3) the judgment will be injurious to the defendant if allowed to stand, and (4) he has a meritorious defense to the plaintiff's cause of action. State ex rel. DEQ v. Robinson, 1998 MT 185, ¶ 15, 290 Mont. 137, ¶ 15, 962 P.2d 1212, ¶15. The policy in Montana is to favor trial on the merits. In re Marriage of Martin (1994), 265 Mont. 95, 99, 874 P.2d 1219, 1222. Nonetheless, the defendant seeking to set aside an entry of default has the burden of proving all four elements of "good cause." *Marriage of Martin*, 265 Mont. at 99, 874 P.2d at 1222. Absent a showing of good cause, a court's order setting aside the default is a clear error of law and a manifest abuse of discretion.

¶24 In this case, SMI failed to show good cause for setting aside the entry of default because it did not provide sufficient legal grounds to support a finding of excusable neglect. Even assuming, for the sake of argument, that its grounds were sufficient, SMI still failed to offer any evidence that could have justified the court's order setting aside the default.

¶25 In its motion to vacate default judgment and for leave to file an answer, SMI stated that its failure to respond to the summons and complaint was excusable because the "exchange of information between counsel and client has been hampered due to the extensive travel schedule of the President of Defendant." However, this Court has consistently held that "a failure to appear due to forgetfulness and the press of other, more important business is not sufficient to establish excusable neglect." Foster Apiaries, Inc. v. Hubbard Apiaries, Inc. (1981), 193 Mont. 156, 161-62, 630 P.2d 1213, 1216; Morris v. Frank Transportation Co. (1979), 184 Mont. 74, 76, 601 P.2d 698, 699; Dudley v. Stiles (1963), 142 Mont. 566, 386 P.2d 342, 343.

¶26 Even assuming that press of other business were a sufficient grounds for a finding of excusable neglect, SMI still failed to make the showing of good cause required by Rule 60 (b), M.R.Civ.P. Other than the unsworn statements of counsel in its motion to vacate, SMI provided the District Court with nothing to substantiate that its president's extensive travel schedule had hampered communication with SMI employees or counsel--or, in fact, whether SMI's president had an extensive travel schedule at all. Statements of counsel made as general averments in motions are, of course, not evidence. Delaware v. K-Decorators, Inc., 1999 MT 13, ¶ 51, 293 Mont. 97, ¶ 51, 973 P.2d 818, ¶ 51. SMI provided the court with no affidavits or witnesses--or any other evidence--upon which the court could have relied to make a finding of excusable neglect and "good cause." Without such

evidence, the court was in no position to ascertain whether SMI's neglect was excusable, had no basis for finding that good cause had been shown, and had no basis for setting aside the default.

¶27 We conclude that, because SMI failed to present a legally sufficient grounds to justify a finding of excusable neglect and utterly failed in its burden of proof, the District Court manifestly abused its discretion in granting SMI's motion to vacate the entry of default.

¶28 We reverse that part of the District Court's order setting aside the default, affirm that part of the District Court's order vacating the judgment on default and remand for a hearing on damages.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

/S/ KARLA M. GRAY