FILED

01/24/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0159

DA 22-0159

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 17N

PERKINS FAMILY HOLDINGS, LLC,
a Montana Limited Liability Company,

      Plaintiff and Appellant,

  v.

THE TILE GUYS, LLC, and MARSHAL
RAY BUTTERFIELD, an individual,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV-21-853(C)
Honorable Heidi J. Ulbricht, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Rufus I. Peace, Christian, Samson & Baskett, PLLC, Missoula, Montana

      For Appellees:

      Joseph R. Nevin, Attorney at Law, Helena, Montana

Submitted on Briefs:  October 12, 2022

Decided:  January 24, 2023

Filed:

_____
               Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Plaintiff and Appellant Perkins Family Holdings, LLC, (PFH) appeals from the deemed denial of its January 7, 2022 Mont R. Civ. P. 60(b) motion for relief from the December 23, 2021 Findings of Fact, Conclusions of Law and Order on Motion to Set Aside Default and Default Judgment issued by the Eleventh Judicial District Court, Flathead County. We reverse and remand for the District Court to conduct an M. R. Civ. P. 55(c) good cause analysis of Butterfield's motion to set aside default.

¶3 In early 2020, Defendant and Appellee Marshal Butterfield, under his business name The Tile Guys (collectively "Butterfield"), provided an estimate to PFH for tile work to be done at a residential property owned by PFH in Kalispell. Butterfield was paid by PFH and began doing both tile and drywall work on the property. After Butterfield began working on the property, the two sides had a falling out and PFH stopped payment on a check to Butterfield. On November 19, 2020, PFH sent Butterfield a Notice of Termination, which terminated Butterfield's services and demanded a refund. Butterfield thereafter retained counsel, but fired his attorney a short time later. In 2021, Butterfield and the manager of PFH had a discussion regarding Butterfield paying back PFH $1,213.07, but did not come to a final agreement and no payment was made.

2

¶4      On August 2, 2021, PFH filed its Complaint in this matter, seeking damages of not less than $14,013.07 and for those damages to be trebled pursuant to Montana's Consumer Protection Act. PFH served Butterfield with the Summons and Complaint on August 19, 2021. On September 13, 2021, after Butterfield did not respond to the Summons and Complaint, PFH filed a Request for Entry of Default and Default Judgment. PFH requested the entry of a default judgment in the total amount of $43,386.71—representing $14,013.07 in damages, trebled to $42,039.21 under the Consumer Protection Act, and $1,347.50 in attorney fees and costs. The Clerk of Court entered an Order of Default and Default Judgment, granting PFH a default judgment in the amount of $43,386.71, on September 15, 2021. On September 21, 2021, the Clerk of Court issued a Writ of Execution on Default Judgment directing the Sheriff of Ravalli County to execute on the judgment. On October 12, 2021, the Clerk of Court issued a Writ of Execution on Default Judgment directing the Sheriff of Flathead County to execute on the judgment. On October 15, 2021, Glacier Bank notified PFH's counsel it was responding to a levy on Butterfield's bank account and would send $1,009.39. Butterfield contacted PFH's counsel later that same day.

¶5      On November 17, 2021, Butterfield, now represented by counsel, filed a Motion to Set Aside Default and Default Judgment, along with a brief in support and the Affidavit of Marshal Butterfield. The motion asserted the default and default judgment should be set aside pursuant to M. R. Civ. P. 55(c) and 60(b), though Butterfield's brief only addressed the Rule 55(c) standard for setting aside a default. Butterfield's affidavit asserted he contacted law firms after receiving the summons and complaint, but only heard back from

3

one attorney who did not want to represent him and "didn't know what else to do." In addressing the Rule 55(c) good cause standard, Butterfield's brief spent three sentences declaring his default was not willful and one sentence declaring PFH would not suffer prejudice from setting the default aside, before spending several paragraphs asserting Butterfield had meritorious defenses to PFH's suit. In its response brief, PFH first addressed each of the Rule 60(b) standards in arguing the District Court should not set aside the default judgment, before turning to the Rule 55(c) good cause standard and asserting Butterfield's default was willful, PFH would be prejudiced from setting aside the default, and Butterfield's alleged meritorious defenses all failed. In reply, Butterfield again asserted there was "good cause" to set aside the default and, for the first time, specifically cited to Rule 60(b)(4) and contended it applied because the default judgment was void. Butterfield asserted the default judgment was void because PFH was not a consumer and therefore the Consumer Protection Act could not apply.

¶6      On December 23, 2021, the District Court issued its Findings of Fact, Conclusions of Law and Order on Motion to Set Aside Default and Default Judgment. Though Butterfield moved to set aside both a default and a default judgment, the District Court did not address M. R. Civ. P. 55(c) and its good cause standard for setting aside a default. The court's order instead addressed only the Rule 60(b) standards for setting aside a default judgment and determined the default judgment entered by the Clerk of Court was void and therefore must be set aside pursuant to Rule 60(b)(4). The District Court determined the default judgment was void "for a different reason than that offered by Butterfield," finding the Clerk of Court did not have authority to award treble damages on a default judgment

4

under the Consumer Protection Act, because such awards are matters of discretion for the court. After determining the default judgment was void and must be set aside pursuant to Rule 60(b)(4), the District Court performed no analysis regarding the propriety of setting aside the default as well, but simply granted Butterfield's motion to set aside both the default and default judgment in full, quashed the pending writs of execution, and issued an order allowing Butterfield to file an answer to the complaint within 21 days.

¶7    On December 28, 2021, Butterfield filed an Answer and Counterclaim. On January 7, 2022, PFH filed its Motion and Brief for Relief from Final Order under [M. R. Civ. P. 60(b)(6)]. PFH asserted the District Court erred by setting aside the default when the court did not find good cause to do so under Rule 55(c), but accepted the court was correct in setting aside the default judgment for the reasons given by the court in its order. In its brief, PFH repeatedly cited to our unpublished opinion in *Rennick v. Sec. Mortg., Inc.*, No. 00-037, 2000 MT 245N, 2000 Mont. LEXIS 255, as an example of why the default should not be set aside even when a default judgment is properly set aside as void.[1] PFH's brief then went on to assert Butterfield did not establish good cause to set aside the default. After Butterfield filed a brief in opposition and PFH filed a reply brief, PFH filed

---

[1] "[U]npublished orders and opinions from this Court are not to be cited as precedent." *State v. Oie*, 2007 MT 328, ¶ 16, 340 Mont. 205, 174 P.3d 937. "We plainly and unambiguously state in the first paragraph of every unpublished opinion that such opinions 'shall not be cited as precedent.'" *State v. Ferre*, 2014 MT 96, ¶ 15, 374 Mont. 428, 322 P.3d 1047. Once again, we "admonish counsel not to cite to or rely on such orders and opinions in the future" and reiterate that "when included in briefs, we give no regard to such citations." *Oie*, ¶ 16.

a Notice of Issue on February 23, 2022, informing the District Court the motion for relief was fully briefed and ripe for ruling.

¶8     The District Court did not rule on PFH's motion for relief (or issue an extension of time for ruling) and it was deemed denied by the operation of law after 60 days. M. R. Civ. P. 59(f), 60(c)(1). PFH appeals. We restate the issue on appeal as follows: whether the District Court manifestly abused its discretion by not addressing the M. R. Civ. P. 55(c) good cause standard when setting aside Butterfield's default.

¶9     We generally review a district court's ruling on an M. R. Civ. P. 60(b)(6) motion for an abuse of discretion. *Essex Ins. Co. v. Moose's Saloon, Inc.*, 2007 MT 202, ¶ 16, 338 Mont. 423, 166 P.3d 451 (*Essex v. Moose's*). An exception to this general rule exists when the motion implicates a district court's ruling on a motion to set aside a default or default judgment. *Essex v. Moose's*, ¶¶ 17-18. When the Rule 60(b) motion follows a district court granting a motion to set aside a default or default judgment, we review its ruling for a manifest abuse of discretion. *See Essex v. Moose's*, ¶¶ 17-18. A manifest abuse of discretion is one that is obvious, evident, or unmistakable. *Netzer Law Office, P.C. v. State ex rel. Knudsen*, 2022 MT 234, ¶ 9, 410 Mont. 513, 520 P.3d 335.

¶10     As a preliminary matter, we note PFH's Rule 60(b) motion for relief did not seek relief from the portion of the District Court's order which set aside the default judgment against Butterfield because it was void under Rule 60(b)(4). On appeal, PFH again takes no issue with the propriety of setting aside the default judgment as void and we therefore need not address the District Court setting aside the default judgment in this case and do not interfere with that portion of the court's order.

6

¶11 On appeal, both parties argue the facts of the case and whether good cause existed to set aside Butterfield's default. As it did below, PFH asserts the good cause analysis is subject to a four-part test, first articulated by this Court in *Blume v. Metropolitan Life Ins. Co.*, 242 Mont. 465, 791 P.2d 784 (1990), *overruled in part by JAS, Inc. v. Eisele*, 2014 MT 77, ¶ 34, 374 Mont. 312, 321 P.3d 113 (determining the court in *Blume* erred to the extent that it imported the Rule 55(c) good cause standard into its analysis of a default judgment). Under the *Blume* test, which concerns itself with default judgments, a default judgment should be set aside under Rule 60(b)(1) "when: (1) the defaulting party proceeded with diligence; (2) the defaulting party's neglect was excusable; (3) the judgment, if permitted to stand, will affect the defaulting party injuriously, and (4) the defaulting party has a meritorious defense to plaintiff's cause of action." *JAS, Inc.*, ¶ 34 (citation omitted). Before the District Court, PFH additionally asserted that "[a] failure to meet any of the above elements dooms the defendant's efforts to set aside an entry of default." PFH's contention that a Rule 55(c) good cause analysis is subject to the conjunctive four-part *Blume* test is simply incorrect, however, because the proper consideration for setting aside a default is in fact a three-part balancing test in which a court must consider:

> (1) whether the default was willful, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant has presented a meritorious defense to plaintiff's claim. The court must also balance the interests of the defendant in the adjudication of his defense on the merits, against the interests of the public and the court in the orderly and timely administration of justice.

*Essex Ins. Co. v. Jaycie, Inc.*, 2004 MT 278, ¶ 10, 323 Mont. 231, 99 P.3d 651 (*Essex v. Jaycie*) (quoting *Cribb v. Matlock Communications*, 236 Mont. 27, 30, 768 P.2d 337, 339

7

(1989)).  "When the issue is the setting aside of an entry of default under Rule 55(c) . . . the appropriate standard is *Cribb*[.]"  *Essex v. Jaycie*, ¶ 12.  "We apply the M. R. Civ. P. 55(c) good cause standard flexibly and leniently because an entry of default is an interlocutory order that does not determine rights or remedies all by itself."  *Hoff v. Lake Cty. Abstract & Title Co.*, 2011 MT 118, ¶ 20, 360 Mont. 461, 255 P.3d 137 (citations omitted).

¶12  With the appropriate standard before us, we briefly address the contentions of the parties.  Butterfield argues his default was not willful because he contacted law firms seeking representation after being served with the summons and complaint; that PFH would not be prejudiced because it had no right to treble damages under the Consumer Protection Act; and that he had a meritorious defense because he asserts PFH "owed him money and had no legitimate reason to terminate their agreement."  PFH asserts the default should be reinstated because Butterfield did not demonstrate good cause to set aside the default.[2]  PFH contends making no attempt to respond to the summons and complaint beyond calling a few law firms and then giving up is "the very definition of willful"; that PFH has been prejudiced by the additional delays, legal costs, and attorney's fees incurred;

---

[2] On appeal, PFH again cites to our unpublished opinion in *Rennick v. Sec. Mortg., Inc.*, No. 00-037, 2000 MT 245N, 2000 Mont. LEXIS 255, in support of its assertion the default should be reinstated even though the default judgment was properly set aside as void.  In addition to being unpublished and nonprecedential, we note the analysis in *Rennick* focused on whether the defaulting party in that case could meet the "excusable neglect" standard, *Rennick*, ¶¶ 23-27, which is no longer applicable in the context of setting aside an entry of default under M. R. Civ. P. 55(c). *Essex v. Jaycie*, ¶ 12.

and that Butterfield simply made a conclusory statement alleging a meritorious defense but failed to support it with facts.

¶13 Completely unmentioned by the parties in their briefing before both the District Court and this Court, but controlling here, is our decision in *Engelsberger v. Lake Cty.*, 2007 MT 211, 339 Mont. 22, 167 P.3d 902. In *Engelsberger*, default was entered against Lake County after the County failed to appear in response to a wrongful discharge lawsuit. The County filed a motion to set aside the default, which the district court denied solely because it determined the County's failure to appear was willful. The amount of damages was tried to a jury and a default judgment of $90,532.00 was entered against the County. The County then filed a motion to set aside the default judgment, which the district court denied. The County appealed the denial of both its motion to set aside the default and its motion to set aside the default judgment to this Court. *Engelsberger*, ¶¶ 4-7. On appeal, we addressed whether the district court abused its discretion by denying the County's motion to set aside the default, applying Rule 55(c) and the *Cribb* test. *Engelsberger*, ¶ 11. We noted the district court in that case had conducted only a willfulness analysis when it denied the County's motion to set aside the default and found the district court correctly determined the County's failure to appear was willful. *Engelsberger*, ¶¶ 13-16. Even after determining the district court correctly concluded the County's failure to appear was willful under the *Cribb* test, we reversed and remanded the matter to the district court to consider whether Engelsberger would be prejudiced if the default was set aside and whether the County presented the possibility of a meritorious defense. *Engelsberger*, ¶¶ 17-19.

¶14    "When considering a motion to set aside a default the [d]istrict [c]ourt is compelled *in every case* to consider all three factors of the *Cribb* test." *Engelsberger*, ¶ 16 (emphasis added). When a district court does not consider all three factors of the *Cribb* test, the matter must be remanded to the court for consideration of the missing factors "[b]ecause a consideration and balancing of all three *Cribb* factors is required before making a decision on a motion to set aside a default[.]" *Engelsberger*, ¶ 17.

¶15    The District Court's failure to conduct any analysis of the *Cribb* factors before setting aside Butterfield's default is an obvious, evident, or unmistakable error, and therefore a manifest abuse of discretion. *Netzer Law Office*, ¶ 9. As in *Engelsberger*, this matter must be remanded to the District Court to consider the factors of the *Cribb* test. Unlike in *Engelsberger*, where we upheld the district court's willfulness finding before remanding, here there are no findings under the *Cribb* test for us to review on appeal because the District Court did not conduct an analysis of any of the *Cribb* factors in its Order on Motion to Set Aside Default and Default Judgment.[3] Accordingly, we reverse the portion of the District Court's order setting aside Butterfield's default and remand for a consideration of all three *Cribb* factors in the manner discussed in *Engelsberger*.

---

[3] We recognize the District Court was disadvantaged and likely did not conduct an analysis of any of the *Cribb* factors as the parties did not bring *Engelsberger* to the District Court's attention. Additionally, we are unable to even apply the doctrine of implied findings in this case. This Court "adheres to the doctrine of implied findings which states that where a court's findings are general in terms, any findings not specifically made, but necessary to the judgment, are deemed to have been implied, if supported by the evidence." *Interstate Brands Corp. v. Cannon*, 218 Mont. 380, 384, 708 P.2d 573, 576 (1985). While the District Court made findings that Butterfield was properly served and failed to appear, we cannot stretch the doctrine of implied findings so far as to determine the District Court has already determined the willfulness of Butterfield's failure to appear in a case where the court neither conducted a *Cribb* analysis nor mentioned willfulness anywhere in its order.

*Engelsberger*, ¶¶ 16-17. Because Butterfield has already been allowed to file an answer following the District Court's December 23, 2021 Order, should the District Court determine Butterfield's default should be set aside after consideration of the *Cribb* factors, the matter may be reopened and proceed to trial on the merits. If the District Court determines Butterfield's default should not be set aside after such consideration, the matter may proceed to trial on damages only as the default judgment has already been set aside as void. *See Engelsberger*, ¶ 18.

¶16 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶17 Reversed and remanded for further proceedings in conformity with this Opinion.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JIM RICE